# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
David Nieporent (DN 6235)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Philip Quow and Clyde Reaves, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 15-CV-9852 |
| Plaintiffs, | **COMPLAINT** |
| - vs. - | |
| Accurate Mechanical Inc., John O'Shea, and Daniel Reilly, | |
| Defendants. | |

Plaintiffs Philip Quow and Clyde Reaves, by and through their undersigned attorneys, for their complaint against defendants Accurate Mechanical Inc., John O'Shea, and Daniel Reilly, allege as follows, on behalf of themselves individually and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiffs Philip Quow and Clyde Reaves allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Accurate Mechanical Inc., John O'Shea, and Daniel Reilly, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for defendants' violations of the Wage Theft Prevention Act; (iii) compensation for unpaid and unreasonably delayed wage payments; (iv) liquidated damages pursuant to New York Labor Law for these violations; and

(v) back wages from defendants for defendants' willful failure to pay in excess of the legally-mandated prevailing wage for employees employed pursuant to public works contracts.

## THE PARTIES

3. Plaintiffs are adult individuals residing in Brooklyn, NY.

4. Plaintiffs each consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5. Upon information and belief, defendant Accurate Mechanical Inc. ("Accurate") is a New York corporation with a principal place of business at 941 McLean Avenue, Yonkers, New York.

6. At all relevant times, defendant Accurate has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, Accurate has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, Accurate has used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, Accurate has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendant John O'Shea is an owner or part owner and principal of Accurate, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Upon information and belief, defendant John O'Shea was involved in the day-to-day operations of Accurate and played an active role in managing the business.

12. Upon information and belief, defendant Daniel Reilly is an owner or part owner and principal of Accurate, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Upon information and belief, defendant Daniel Reilly was involved in the day-to-day operations of Accurate and played an active role in managing the business.

14.  Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

<h2 style="text-align:center">JURISDICTION AND VENUE</h2>

15.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

<h2 style="text-align:center">COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS</h2>

17.  Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States at any time since December 15, 2012, to the entry of judgment in this case (the "Collective Action Period"), who were plumbers, steamfitters, or in similar non-exempt occupations within the meaning of the FLSA, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as plumbers and were knowingly and willfully denied premium overtime pay for hours worked beyond forty hours in a week.

19. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New York Labor Law claims on behalf of themselves and a class defined as follows:

> All persons who are or were employed by defendants in the United States at any time since December 15, 2009, to the entry of judgment in this case (the "Class Period"), who worked as plumbers, steamfitters, or in similar non-exempt occupations, and who were not properly paid overtime compensation, were not properly paid all wages owed, were not paid prevailing wages for public works contracts, and/or who were not provided with appropriate annual or weekly wage notices (the "Class Members").

20. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

21. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom

would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

22. Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

23. Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and plaintiffs have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

24. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

25. Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

26.  Among the questions of law and fact under the FLSA and New York wage and hour laws common to plaintiffs and other putative Class/Collective Action Members are the following:

a.  Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

b.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

c.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members for all hours worked;

d.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members legally mandated prevailing wages;

e.  Whether defendants failed and/or refused to provide plaintiffs and the putative Class Members with the annual and weekly pay notices

required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

f.   Whether defendants failed to keep true and accurate time and pay records for all hours worked by plaintiffs and the putative Class or Collective Action Members;

g.   Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

h.   Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

27. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

## FACTS

28. At all relevant times herein, defendants owned and operated a plumbing company in New York.

29. Mr. Quow was employed by defendants from approximately February 2015 through August 2015.

30. Mr. Reaves was employed by defendants from approximately February 2015 through August 2015.

31. Plaintiffs were employed as plumbers, generally at worksites in Manhattan.

32. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

33. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

34. At the outset of Mr. Quow's employment, he worked six days per week; commencing in June 2015, and continuing until the end of his employment, he typically only worked five days per week.

35. Although the regularly scheduled shift for employees was an eight-hour shift, plaintiffs and other employees were generally required to work ten or more hours per day.

36. As a result, Mr. Quow generally worked 50 to 60 hours per week. For instance, the week of March 22, 2015, Mr. Quow worked 56 hours.

37. Mr. Quow's regular rate of pay was $25 per hour.

38.   Mr. Reaves generally worked five days per week.

39.   Like Mr. Quow and the other employees, he was generally required to work ten or more hours per day. However, on the prevailing wage job to which he was assigned, he typically worked nine hours per day.

40.   As a result, he worked forty-five hours per week on the prevailing wage job to which he was assigned, and fifty or more hours per week in all other weeks.   For instance, the week of June 14, 2015, he worked 80 hours.

41.   Mr. Reaves' regular rate of pay was $22 per hour, except on the prevailing wage job to which he was assigned, for which he was paid roughly $92 per hour.

42.   Plaintiffs received their regular rates of pay for all hours worked for which they were paid; they did not receive any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

43.   However, Mr. Reaves was not paid for all hours worked; on his prevailing wage assignment, he was paid for only 35 of his 45 hours worked each week.   The other ten hours of his work were not reflected on his paychecks at all.

44. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

45. Indeed, when Mr. Reaves complained to "David," one of defendants' managers, about not being paid for all of his hours, stating, "It's like we're working for free," David's response was, "Yeah, kind of."

46. In order to disguise the fact that plaintiffs were not being paid overtime premiums, defendants provided them with paystubs that only reflected forty hours worked; defendants listed payments for the overtime hours not as wages, but as "expense reimbursement."

47. Thus, although plaintiffs received paystubs from defendants, these paystubs did not accurately record either their overtime hours worked or their overtime rate of pay for those hours, in violation of New York Labor Law § 195.3 and the Wage Theft Prevention Act.

48. Defendants failed to provide plaintiffs with a written wage notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed – and failed to obtain their signature acknowledging the same, upon their hiring or at any time thereafter, in violation

of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

49.  Throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Class and Collective Action Members) in non-exempt positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

50.  These other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

51.  Some of these other individuals were assigned to public works projects, yet defendants have likewise failed to pay them prevailing wage (or any wage) for all of their hours worked, in breach of relevant provisions of applicable public works contracts.

52.  These other individuals were not provided with required accurate wage notices or wage statements as

specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

53. Upon information and belief, while defendants employed plaintiffs and the Collective Action and Class Action members, and throughout all relevant time periods, defendants failed to provide accurate time and pay records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

54. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

56. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

57. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the

Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

59. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**(New York Labor Law - Overtime)**

60. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 146.

63. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64. Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT III

### (New York Labor Law – Failure to pay wages)

65. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them all of their wages owed within one week after the week in which their wages were earned, in violation of, inter alia, New York Labor Law § 191.

68. Defendants' failure to pay wages was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

69. Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Wage Theft Prevention Act)

70. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

73. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with accurate wage statements required by the Wage Theft Prevention Act at any time during their employment.

74. Due to defendants' New York Labor Law violations relating to the failure to provide accurate paystubs, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $100 per week from April 1, 2011 through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

75. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week from

February 1, 2012 through February 26, 2015, and $50 per day from February 27, 2012 to the termination of their employment, up to the maximum statutory damages.

<u>**COUNT V**</u>

<u>**(Breach of Contract – Prevailing Wage – Defendant Accurate)**</u>

76. Plaintiff Clyde Reaves, on behalf of himself and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

77. Upon information and belief, defendant Accurate entered into at least one public works contract with a public entity.

78. As a result, Accurate was obligated to pay prevailing wages, including supplemental benefits, to the employees who provided the services for these contracts, as well as overtime bonuses for hours beyond forty hours or outside regular work hours.

79. Plaintiff Clyde Reaves and the members of the Class were assigned to work on at least one of these public works contracts.

80. Accurate failed to pay Mr. Reaves and the members of the Class the prevailing wage for all hours worked on

public works assignments, including the appropriate premiums specified in the regulations.

81. Accurate's failure to pay the prevailing wage to Mr. Reaves and the members of the Class for all hours worked on public works assignments constituted a material breach of its public contracts.

82. Mr. Reaves and the members of the Class were third-party beneficiaries of the prevailing wage requirements for public works contracts.

83. As a result, Mr. Reaves and the members of the Class have been damaged, and are entitled to recover from Accurate their unpaid compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiffs and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action

Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. Compensatory damages for failure to pay plaintiffs all wages owed, as required by New York Labor Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

h. Liquidated damages for defendants' New York Labor Law violations;

i. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j. Compensatory damages for failure to pay the required prevailing wage and supplemental benefits, including relevant overtime;

k. Back pay;

l. Punitive damages;

m. An award of prejudgment and postjudgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o. Such other, further, and different relief as this Court deems just and proper.

Dated:  December 15, 2015

_____
David Stein (DS 2119)
David Nieporent (DN 6235)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Accurate Mechanical, Inc., and its affiliates to pay me, *inter alia*, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


_____
Philip Quow

Date: August 12, 2015

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Accurate Mechanical, Inc., and its affiliates to pay me, *inter alia*, overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


Clyde Reaves

Date: August 19, 2015