UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| PHILIP QUOW and CLYDE REAVES, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>-versus-<br><br>ACCURATE MECHANICAL INC., JOHN O'SHEA, and DANIEL REILLY,<br><br>Defendants. | Docket No.: 15-CV-9852<br><br>**ANSWER**<br><br>**JURY TRIAL DEMANDED** |

-----------------------------------------------------------------x

Defendants, ACCURATE MECHANICAL INC., JOHN O'SHEA, and DANIEL REILLY, by and through their attorneys, respond to Plaintiffs' Complaint (hereinafter referred to as "Plaintiffs' Complaint" or "the Complaint") as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations set forth in paragraph 1 of Plaintiffs' Complaint and respectfully refers all questions of law to the Court for judicial determination.

2. Defendants deny the allegations set forth in paragraph 2 of Plaintiffs' Complaint and respectfully refers all questions of law to the Court for judicial determination.

## THE PARTIES

3. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of Plaintiffs' Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of Plaintiffs' Complaint.

5. Defendants deny the allegations set forth in paragraph 5 of Plaintiffs' Complaint, except admit that Defendant Accurate Mechanical is incorporated in the State of New York with offices located at 941 McLean Avenue, Yonkers, New York, and respectfully refers all questions of law to the Court for judicial determination.

6. Defendants deny the allegations set forth in paragraph 6 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

7. Defendants admit the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendants deny the allegations set forth in paragraph 8 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

9. Defendants deny the allegations set forth in paragraph 9 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

10. Defendants deny the allegations set forth in paragraph 10 of Plaintiffs' Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of Plaintiffs' Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of Plaintiffs' Complaint as alleged, except admits that Defendant Daniel Reilly is a principal of Accurate Mechanical, and respectfully refers all questions of law to the court for judicial determination.

13. Defendants deny the allegations set for in paragraph 13 of the Plaintiffs' Complaint, as alleged, except admit that Mr. Reilly is involved in the day-to-day operations of Accurate and is charge of business operations.

14. Defendants deny the allegations set forth in paragraph 14 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

## JURISDICTION AND VENUE

15. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of Plaintiffs' Complaint, and respectfully refers all questions of law to the Court for judicial determination.

16. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of Plaintiffs' Complaint, and respectfully refers all questions of law to the Court for judicial determination.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

17. Defendants deny the allegations set forth in paragraph 17 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

18. Defendants deny the allegations set forth in paragraph 18 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

19. Defendants deny the allegations set forth in paragraph 19 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

20. Defendants deny the allegations set forth in paragraph 20 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

21. Defendants deny the allegations set forth in paragraph 21 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

22. Defendants deny the allegations set forth in paragraph 22 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

23. Defendants deny the allegations set forth in paragraph 23 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

24. Defendants deny the allegations set forth in paragraph 24 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

25. Defendants deny the allegations set forth in paragraph 25 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

26 (a)-(h). Defendants deny the allegations set forth in paragraph 26 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

27.Defendants deny the allegations set forth in paragraph 27 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

## FACTS

28.Defendants deny the allegations set forth in paragraph 28 of Plaintiffs' Complaint as alleged, except admit that Accurate Mechanical is incorporated in the State of New York and is and respectfully refers all questions of law to the Court for judicial determination.

29.Defendants deny the allegations set forth in paragraph 29 of Plaintiffs' Complaint as alleged, except Mr. Quow was briefly employed at Accurate Mechanical and respectfully refers all questions of law to the Court for judicial determination.

30.Defendants deny the allegations set forth in paragraph 30 of Plaintiffs' Complaint as alleged, except admits that Mr. Reaves was briefly employed by Accurate Mechanical and respectfully refers all questions of law to the Court for judicial determination.

31.Defendants deny the allegations set forth in paragraph 31 of Plaintiffs' Complaint as alleged, except admit that plaintiffs worked on plumbing jobs for Accurate Mechanical on jobs, including on locations in Manhattan.

32.Defendants deny the allegations set forth in paragraph 32 of Plaintiffs' Complaint as alleged, except admit that plaintiffs worked on plumbing jobs for Accurate Mechanical on jobs.

33.Defendants deny the allegations set forth in paragraph 33 of Plaintiffs' Complaint as alleged, and respectfully refers all questions of law to the Court for judicial determination.

34.Defendants deny the allegations set forth in paragraph 34 of Plaintiffs' Complaint as alleged.

35.Defendants deny the allegations set forth in paragraph 35 of Plaintiffs' Complaint as alleged.

36.Defendants deny the allegations set forth in paragraph 36 of Plaintiffs' Complaint as alleged.

37. Defendants deny the allegations set forth in paragraph 37 of Plaintiffs' Complaint as alleged, except admit that Quow was paid $25.00 per hour.

38. Defendants deny the allegations set forth in paragraph 38 of Plaintiffs' Complaint as alleged.

39. Defendants deny the allegations set forth in paragraph 39 of Plaintiffs' Complaint as alleged.

40. Defendants deny the allegations set forth in paragraph 40 of Plaintiffs' Complaint as alleged.

41. Defendants deny the allegations set forth in paragraph 37 of Plaintiffs' Complaint as alleged, except admit that Reaves was paid $22.00 per hour.

42. Defendants deny the allegations set forth in paragraph 42 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

43. Defendants deny the allegations set forth in paragraph 43 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

44. Defendants deny the allegations set forth in paragraph 44 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

45. Defendants deny the allegations set forth in paragraph 45 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

46. Defendants deny the allegations set forth in paragraph 46 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

47. Defendants deny the allegations set forth in paragraph 47 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

48. Defendants deny the allegations set forth in paragraph 48 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

49. Defendants deny the allegations set forth in paragraph 49 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

50. Defendants deny the allegations set forth in paragraph 50 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

51. Defendants deny the allegations set forth in paragraph 51 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

52. Defendants deny the allegations set forth in paragraph 52 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

53. Defendants deny the allegations set forth in paragraph 53 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

## COUNT I

### (Fair Labor Standards Act-Overtime)

54. Defendants repeat, reiterate, realleges and incorporates each and every response stated in response to paragraphs 1 through 53 of Plaintiffs' Complaint, as if set forth and repeated herein. Defendant specifically deny any allegations of wrongdoing as alleged in the proceeding paragraphs.

55. Defendants deny the allegations set forth in paragraph 55 of Plaintiffs' Complaint as alleged, except admit that Plaintiffs were employed at some point in time at Accurate Mechanical, and respectfully refer all questions of law to the Court for judicial determination.

56. Defendants deny the allegations set forth in paragraph 56 of Plaintiffs' Complaint as alleged.

57. Defendants deny the allegations set forth in paragraph 57 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

58. Defendants deny the allegations set forth in paragraph 58 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

59. Defendants deny the allegations set forth in paragraph 59 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

## COUNT II

### (New York Labor Law-Overtime)

60.     Defendants repeat, reiterate, realleges and incorporates each and every response stated in response to paragraphs 1 through 59 of Plaintiffs' Complaint, as if set forth and repeated herein. Defendant specifically deny any allegations of wrongdoing as alleged in the proceeding paragraphs.

61.     Defendants deny the allegations set forth in paragraph 61 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

62.     Defendants deny the allegations set forth in paragraph 62 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

63.     Defendants deny the allegations set forth in paragraph 63 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

64.     Defendants deny the allegations set forth in paragraph 64 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

## COUNT III

### (New York Labor Law-Failure to Pay Wages)

65.     Defendants repeat, reiterate, realleges and incorporates each and every response stated in response to paragraphs 1 through 64 of Plaintiffs' Complaint, as if set forth and repeated herein. Defendant specifically deny any allegations of wrongdoing as alleged in the proceeding paragraphs.

66.     Defendants deny the allegations set forth in paragraph 66 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

67.     Defendants deny the allegations set forth in paragraph 67 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

68.     Defendants deny the allegations set forth in paragraph 68 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

69. Defendants deny the allegations set forth in paragraph 66 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

## COUNT IV

### (New York Labor Law- Wage Theft Prevention Act)

70. Defendants repeat, reiterate, realleges and incorporates each and every response stated in response to paragraphs 1 through 69 of Plaintiffs' Complaint, as if set forth and repeated herein. Defendant specifically deny any allegations of wrongdoing as alleged in the proceeding paragraphs.

71. Defendants deny the allegations set forth in paragraph 71 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

72. Defendants deny the allegations set forth in paragraph 72 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

73. Defendants deny the allegations set forth in paragraph 73 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

74. Defendants deny the allegations set forth in paragraph 74 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

75. Defendants deny the allegations set forth in paragraph 75 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

## COUNT V

### (Breach of Contract-Prevailing Wage-Defendant Accurate)

76. Defendants repeat, reiterate, realleges and incorporates each and every response stated in response to paragraphs 1 through 75 of Plaintiffs' Complaint, as if set forth and repeated herein. Defendant specifically deny any allegations of wrongdoing as alleged in the proceeding paragraphs.

77. Defendants deny the allegations set forth in paragraph 77 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

78. Defendants deny the allegations set forth in paragraph 78 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

79. Defendants deny the allegations set forth in paragraph 79 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

80. Defendants deny the allegations set forth in paragraph 80 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

81. Defendants deny the allegations set forth in paragraph 81 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

82. Defendants deny the allegations set forth in paragraph 82 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

83. Defendants deny the allegations set forth in paragraph 83 of Plaintiffs' Complaint as alleged, and respectfully refer all questions of law to the Court for judicial determination.

## **AFFIRMATIVE DEFENSES**

Defendants, ACCURATE MECHANICAL INC., JOHN O'SHEA, and DANIEL REILLY, state the following Affirmative Defenses to Plaintiffs' Complaint:

84. Plaintiffs' Complaint, in whole or part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

85. Plaintiffs' Complaint, in whole or part, are barred by the applicable limitations period, contractual limitations period, and/or jurisdictional prerequisites.

86. Some or all of the claims asserted in Plaintiffs' Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

87. Plaintiffs and/or some or all of the members of the alleged group of individuals which Plaintiffs purport to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement to which is expressly denied.

88. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions.

89. Plaintiffs cannot satisfy the requirements of a collective action under the Fair Labor Standards Act ("FLSA") and some or all of the claims asserted in the Plaintiffs' Complaint are barred because Plaintiffs are not similarly situated to the group of individuals they purport to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiffs purport to represent, the existence of which is expressly denied, are not similarly situated to each other.

90. Plaintiffs are inadequate purported representatives of some or all of the alleged group of individuals whom they purport to represent, the existence of which is expressly denied.

91. The types of claims alleged by Plaintiffs on behalf of themselves and the group of individuals which they purport to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

92. Some or all of claims asserted in the Plaintiffs' Complaint are unsuitable for collective treatment because the prosecution of separate actions by members of the group of individuals Plaintiffs purport to represent, the existence of which is expressly denied, would not create a risk of adjudications with respect to proposed collective action members which would as a practical matter be dispositive of the interests of the other proposed collective action members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

93. Some or all of the claims asserted in the Plaintiffs' Complaint are bared because a collective actions is not superior to other available methods for the fair and efficient adjudication of this controversy.

94. Notice to the alleged group that Plaintiffs purport to represent, the existence of which is expressly denied, would be a violation of Defendants' due process rights.

95. With respect to some or all claims brought or allegedly brought by Plaintiffs, and/or members of the alleged group of individuals which they purport to represent, the

existence of which is expressly denied, Defendant affirmatively pleads that any acts and/or omissions which may be found to be in violations of the rights afforded by FLSA and/or other applicable law occurred in good-faith, were based on reasonable factors, and/or were in conformity with relevant laws and regulations.

96. The damages claimed by Plaintiffs and/or the members of the alleged group which they purport to represent, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

97. The Complaint fails to state a claim that would permit the recovery of liquidated damages.

98. Neither Plaintiffs nor members of the alleged group which they purport to represent, the existence of which is expressly denied, may recover some or all the relief requested in the Plaintiffs' Complaint because Defendant did not commit any oppressive, willful, wanton, fraudulent or malicious act, or authorize or ratify any such act with respect to the Plaintiffs or any alleged group member, at all times acted in good faith and with reasonable grounds for believing it had complied with the FLSA and all other state, local rules and regulations, and Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

99. All or part of the time for which Plaintiffs seek compensation for alleged unpaid hours worked does not constitute compensable time for the purposes of the FLSA.

100. All or part of the time for which Plaintiff seeks compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. 254.

101. The Plaintiffs' Complaint is barred, in whole or part, because some or all of the time for which compensation is sought is *de minimus* and therefore is not compensable.

102. The Plaintiffs' Complaint is barred, in whole or in part, because it requests relief which exceeds that available under the applicable law.

103. Plaintiffs and the members of the group they purport to represent, the existence of which is expressly denied, may not recover liquidated damages and prejudgment interest because such damages would amount to a "double recovery."

104. Some or all of the claims in the Plaintiffs' Complaint are barred by the doctrine of election of remedies.

105. Plaintiffs lack standing to raise some or all of the claims alleged on behalf of the class group they purport to represent, the existence of which is expressly denied.

106. Defendant O'Shea is an improper party to this action, as he hold no interest in and is not an officer, director or shareholder of Defendant Accurate Mechanical for any period relevant to this litigation.

107. Defendant O'Shea is improperly named as a Defendant in the within action and any and all claims against him should be dismissed as a matter of law.

108. Defendants reserve the right to plead, assert and rely all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiffs or persons Plaintiffs purport to represent or otherwise through discovery.

Dated: March --, 2016
New York, New York

LAVALLEE LAW OFFICES PLLC

_____
Keith A. Lavallee, Esq. ( )
Kristopher M. Dennis, Esq. (of counsel) ( )
4 WEST GATE
FARMINGDALE NY 11735
516 756 5100
516 756 4629 fax

To: All Parties via efiling

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| PHILIP QUOW and CLYDE REAVES, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>-versus-<br><br>ACCURATE MECHANICAL INC., JOHN O'SHEA, and DANIEL REILLY,<br><br>Defendants. | Docket No.: 15-CV-9852<br><br>**RULE 7.1 CORPORATE DISCLOSURE FOR ACCURATE MECHANICAL INC.**<br><br>JURY TRIAL DEMANDED |

---------------------------------------------------------------x

### RULE 7.1 DISCLOSURE

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned counsel for ACCURATE MECHANICAL INC., (a private non-governmental party) certifies that there is no parent corporation or publically held corporation that owns more than 10% of its stock.

Dated: March --, 2016
New York, New York

LAVALLEE LAW OFFICES PLLC

_____
Keith A. Lavallee, Esq.
Kristopher M. Dennis, Esq. (of counsel)
4 WEST GATE
FARMINGDALE NY 11735
516 756 5100
516 756 4629 fax

To: All Parties via efiling