USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/12/2018

**UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF NEW YORK**

Philip Quow and Clyde Reaves, on behalf of themselves and all other persons similarly situated,

      Plaintiffs,

          - vs. –

Accurate Mechanical Inc., John O'Shea, and Daniel Reilly,

      Defendants.

DOCKET NO. 15-CV-9852 (KHP)

**ORDER**

1

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement, Provisional Certification of The Settlement Class, Appointment of Plaintiffs' Counsel As Class Counsel, and Approval of Plaintiffs' Proposed Notices Of Settlement ("Motion for Preliminary Approval"). Defendants do not oppose the motion. The Motion is GRANTED subject to the modifications to the terms of the notice and release as set forth below.

**I.      Background and Procedural History**

1.      The parties' proposed settlement resolves all claims in the action entitled *Quow et al. v. Accurate Mechanical Inc., et al.*, Civil Action No. 15-cv-9852 (KHP), which is currently pending before this Court.

2.      The Plaintiffs in this action allege that Defendants, *inter alia*, failed to pay them overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL").

3.      On December 17, 2015, Named Plaintiffs Philip Quow and Clyde Reaves commenced this action as a putative class action under Fed. R. Civ. P. 23 and as a putative collective action under the FLSA.

4.      Named Plaintiffs are former plumbers employed by defendants who alleged that they and all other similarly situated employees were paid at straight time for their hours in excess of forty in a week, thereby violating the overtime provisions of the FLSA and NYLL. They further alleged that they were given false paperwork to disguise the underpayment, in violation of the NYLL.

5.     Defendants filed an Answer on April 22, 2016, disputing the material allegations and denying any liability in the proposed class and collective actions.

6.     On June 16, 2016, in response to plaintiff's motion, the Court conditionally certified an FLSA collective action in this matter, authorizing notice of the lawsuit to be sent  to similarly situated employees.

7.     During the time period before June 16, 2016, and throughout the collective action opt-in period, sixteen people filed consents to become party plaintiffs to opt in to the lawsuit.

**II.     Preliminary Approval of Settlement**

8.     Based upon the  Court's review of the Plaintiffs' Memorandum of Law in  Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration  of David Stein ("Stein Decl."), and all other papers submitted in connection with Plaintiffs'  Motion for Preliminary Approval, the Court grants preliminary approval of the settlement  memorialized in the revised Joint Stipulation of Settlement Agreement and Release ("Settlement Agreement"), submitted to the Court on February 9, 2017.

9.     The approval of a proposed class action settlement is a matter of discretion for the trial court. *See Maywalt v. Parker* & *Parsley Petroleum Co.,* 67 F 3d  1072, 1079 (2d Cir. 1998). "In  exercising this discretion, courts should give proper deference to the  private consensual decision of the parties." *Clark v. Ecolab, Inc.,* Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal  quotation marks omitted). "In evaluating the settlement, the Court should keep in mind the unique  ability of class and defense counsel to assess the  potential risks  and  rewards of litigation ...." *Id.* (alteration in original) (internal quotation marks omitted).  Preliminary approval,  which  is what Plaintiffs seek here, is the  first  step in the settlement process. It simply allows notice to issue to the

class and for Class Members to object to, opt-out of or opt-in to the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

10.    Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark,* 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions § 11.25 (4th ed.2002) [hereinafter Newberg )*. "To grant preliminary approval, the court need only find that there is 'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *Id.* (quoting *Jn re Traffic Executive Ass 'n,* 627 F.2d 631,634 (2d Cir.1980)). "If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement." *Id.* (citing *Newberg* § 1 1.25).

11.    The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See Jn re Traffic Exec. Ass'n,* 627 F.2d 631, 634 (2d Cir. 1980); *Johnson v. Brennan,* No. 10 Civ. 4712, 2011 WL 1872405, at*1 (S.D.N.Y. May 17,2011).

12.    The Court finds that the Settlement Agreement is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution of class and collective actions, including, but not limited to, wage and hour actions. Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere. *See In re Interpublic Sec. Litig.,* Nos. 02 Civ. 6527, 03 Civ. 1194, 2004 WL 2397190, at * 12 (S.D.N.Y. Oct. 26, 2004) (noting that early settlements should be encouraged when warranted by the

circumstances of the case); *Castagna v. Madison Square Garden, L.P.,* No. 09-cv-10211, 2011 WL 2208614, at *6 (S.D.N.Y. Jun. 7, 2011) (commending Plaintiffs' attorneys for negotiating early settlement); *Diaz v. Locating Servo Inc.,* No. 1: 10-cv-4082, 2010 WL 5507912 (S.D.N.Y. Nov. 29, 2010) (granting final approval of pre-suit class settlement in wage and hour case). The parties here acted responsibly in reaching an early settlement in this case. *See In re Interpublic Sec. Litig.,* 2004 WL 2397190, at * 12.

13.     The fact that the Settlement Agreement was reached after multiple settlement conferences conducted by the Court reinforces the non-collusive nature of the settlement.

### III.   Certification of the Proposed Rule 23 Settlement Class for Settlement Purposes

14.     Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.,* No. 08 Civ. 10271, 2011 WL 382200, at *l (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

15.     For settlement purposes only, the Court provisionally certifies the following class under Federal Rule of Civil Procedure 23, for settlement purposes (the "Settlement Class"):

> The Named Plaintiffs, Opt-In Plaintiffs, and all current and former plumbers, sprinkler mechanics, and similar positions who worked for Accurate Mechanical Inc. at any time from December 17, 2009 through June 16, 2016.

16.     Defendants have agreed not to contest, for the purpose of achieving settlement only, that the requirements for class certification under Federal Rule of Civil

Procedure 23 have been met. On that basis and for purposes of preliminary approval of the Parties' settlement, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Subject to qualification:

    a.    For purposes of preliminary approval of the Parties' settlement, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are more than 40 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp.* v. *Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir.1995) ("[N]umerosity is presumed at a level of 40 members.").

    b.    For purposes of preliminary approval of the Parties' settlement, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because the Named Plaintiffs and the Class Members share common issues of fact and law, including whether Defendants violated the wage and hour laws by failing to pay them overtime premiums or provide them with accurate wage notices and statements. *See Clark,* 2009 WL 6615729, at *3 (noting that common issues that help to satisfy the Rule 23 commonality requirement include "whether [Defendants] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and ... whether [Defendants] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

    c.    For purposes of preliminary approval of the Parties' settlement, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claim for overtime damages arises from the same factual and legal circumstances that form the bases of the Class Members' claims. *Sewell v. Bovis Lend Lease, Inc.,* No. 09 Civ. 6548, 2012 WL 1320124, at *3 (S.D.N.Y. Apr. 16, 2012).

    1.    For purposes of preliminary approval of the Parties' settlement, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Named Plaintiffs' interests are not antagonistic or at odds with Class Members. *See Capsolas,* 2012 WL 1656920, at *2 (finding that adequacy

was met where there was no evidence that named plaintiffs' and class members' interests were at odds); *see also Toure v. Cent. Parking Sys.,* No. 05 Civ. 5237, 2007 WL 2872455, at *7 (S.D.N.Y. Sept. 28, 2007) ("The adequacy requirement exists to ensure that the named representative will 'have an interest in vigorously pursuing the claims of the class, and ... have no interests antagonistic to the interests of other class members.'") (alteration in original) (quoting *Penney v. Deutsche Bank AG,* 443 F.3d 253, 268 (2d Cir. 2006)). Plaintiffs' counsel also meet the adequacy requirement of Rule 23(a)(4) because they are experienced FLSA litigators, and have substantial experience handling large scale wage and hour class and collective actions. *Sewell,* 2012 WL 1320124, at *12 (internal quotation marks omitted); *see Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 158 (S.D.N.Y. 2008) (noting that the adequacy requirement of Rule 23(a)( 4) is met where the attorneys "have an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

      d.    For purposes of preliminary approval of the Parties' settlement, Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class

members. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for the Class Members, particularly those who lack the resources to bring their claims individually. *See Clark*, 2009 WL 6615729, at *5 (finding common factual allegations and common legal theory to predominate over factual and legal variations among class members in wage and hour misclassification case); *see also Torres v. Gristede 's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) ("Plaintiffs have introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay. This issue predominates over any individual calculations of overtime wages ...").

**IV.     Approval of FLSA Collective Settlement for Settlement Purposes**

21.     The standards for approval of an FLSA settlement and for conditionally certifying an FLSA collective for the purpose of settlement are less demanding than those for conditional certification and approval of a Rule 23 class for the purpose of settlement.  Since the parties have demonstrated that Rule 23 approval and certification are appropriate, I find that approval of the FLSA settlement and conditional certification of the FLSA collective are similarly supported. For settlement purposes only, the Court certifies the following class for collective action purposes under the Fair Labor Standards Act, 29 U.S.C. 216(b):

> The Named Plaintiffs, Opt-In Plaintiffs, and all Active Class Members as defined in the Settlement Agreement.

The Parties' Settlement with regard to FLSA Class Members, as defined in the Settlement Agreement, is approved as being a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation.

8

### V.    Appointment of Plaintiffs' Counsel as Class Counsel

22.    The Court appoints Samuel & Stein ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).  Plaintiffs' Counsel did substantial work identifying, investigating, and settling Plaintiffs' and   the Class Members' claims. The firm has extensive experience prosecuting and settling  wage and hour class and collective actions. *See Damassia,* 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, … counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, … counsel's knowledge of the applicable law, and … the resources   counsel will commit to representing the class") (alteration in original) (internal quotation marks omitted).

### VI.    Notice

23.    The Court approves the Modified Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Settlement Notice") attached to this Order. The Court further authorizes Class Counsel to arrange for these documents  to be translated into Spanish by a certified translator.

24.    The content of the Modified Notice fully complies with due  process and Federal Rule of Civil Procedure 23.

25.    Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must  provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses: that a class member may enter an appearance through counsel if the member so desires; that the court will  exclude

from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

26.     The Modified Notice meets each of these requirements and adequately put Class Members on notice of the proposed settlement. The Modified Notice is appropriate because it describes the terms of the settlement, informs the Class Members about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) ("[S]ettlement notices need only describe the terms of the settlement generally"); *Dorn,* 2011 WL 382200, at *4.

27.     The Modified Notice is reasonable and constitute due, adequate and sufficient notice to the Class Members.

## V.         Settlement Procedures

28.     The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *See* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq.*;

> a.     Defendants will provide Class Counsel with a list, in electronic form, of the name, last known address, and Social Security Number of each Class Member as that information exists on file with Defendants (the "Class List") within five (5) days of this Order. Class Counsel will

immediately provide the Class List to the Settlement Administrator. All such information shall be treated as confidential and shall be used solely for the purpose of administering the payment of funds under the Settlement Agreement.

b.    Within ten (10) days of receiving the Class List, the Settlement Claims Administrator will mail the appropriate Notice in the form attached hereto to all Class Members.

c.    Class Members will have sixty (60) days from the date the Settlement Claims Administrator mailed the Notice to the Class Members to submit a claim form in the form attached hereto, to submit an opt out statement, or to object to the settlement; for Class Members whose mailings are returned as undeliverable and for whom the Settlement Claims Administrator is able to attempt a second mailing, Class Members will have at least fifteen (15) days from the date of second mailing to submit a claim form, to submit an opt out statement, or to object to the settlement.

d.    The Court will hold a final fairness **hearing on June 28, 2018 at 10:00 a.m.** at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 17D.

e.    No later than fourteen (14) days prior to the fairness hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and service awards.

f.    The Court may adjourn the date of the Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

g.    If the Court grants the Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

2.    The Clerk of the Court is directed to terminate the motion (Dkt. No. 91).


It is so ORDERED this 12th day of __February__, 2018.

Honorable Katharine H. Parker  United
States Magistrate Judge

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you worked for Accurate Mechanical Inc. as a plumber (including steamfitters, sprinkler mechanics, and similar jobs) at any time between December 17, 2009, and June 16, 2016, you could get a payment from a class action settlement.

*Quow et al. v. Accurate Mechanical Inc. et al.,*
*Civil Action No. 15 Civ. 9852 (KHP)*

***A federal court authorized this notice. This is not a solicitation from a lawyer and you are not being sued.***

- A settlement will provide up to $1,375,000.00 to be allocated to Class Members based on their total estimated damages for work performed during the Class Period.

- The settlement resolves a lawsuit over whether Defendants (i) failed to pay their plumbers overtime for all hours worked in excess of forty hours per week; and (ii) failed to provide proper wage notice and wage statements.

- The two sides disagree on whether the Class Members have valid claims and, if so, how much money the Class Members could have been awarded at trial.

- Your legal rights are affected whether you act, or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Submit a claim form** | Remain part of the case and receive a settlement payment. |
| **Exclude Yourself** | Get no payment and retain your right to bring a separate lawsuit against Defendants for the same claims as this lawsuit covers. |
| **Object** | Write to the Court about why you do not agree with the settlement. |
| **Go To A Hearing** | Ask to speak in Court about the fairness of the settlement. |
| **Do Nothing** | Participate in the Settlement, but will not receive payment. |

- Your rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

QUESTIONS? PLEASE CONTACT CLASS COUNSEL AT (212) 385-9700
OR (212) 563-9884 FOR MORE INFORMATION

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.......................................................................................................... Page 3
    1.  Why did I get this notice?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT**.................................................................................... Page 4
    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included?
    7.  I am still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**............................................ Page 4
    8.  What does the settlement provide?
    9.  How much will my payment be?

**HOW YOU GET A PAYMENT**...................................................................................... Page 5
    10.  How can I get a payment?
    11.  When would I get my payment?
    12.  What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**...................................... Page 6
    13.  How do I get out of the settlement?
    14.  If I do not exclude myself, can I sue Defendants for the same thing later?
    15.  If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU**....................................................................... Page 7
    16.  Do I have a lawyer in this case?
    17.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...................................................................... Page 7
    18.  How do I tell the Court that I do not like the settlement?
    19.  What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ...................................................................... Page 8
    20. When and where will the Court decide whether to approve the settlement?
    21.  Do I have to come to the hearing?
    22.  May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................. Page 8
    22.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**............................................................................. Page 9
    23.  Are more details available?

# BASIC INFORMATION

## 1. Why did I get this notice?

The records of Accurate Mechanical Inc. show that you currently work, or previously worked, as a plumber or sprinkler mechanic for Accurate Mechanical Inc. This notice was sent to because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, Accurate Mechanical Inc. will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Katharine H. Parker of the United States District Court for the Southern District of New York is overseeing this class action settlement. The lawsuit is known as *Quow et al. v. Accurate Mechanical, Inc. et al.*, Civil Action No. 15 Civ. 9852 (KHP).

## 2. What is this lawsuit about?

This lawsuit claimed that Accurate Mechanical Inc. failed to pay their employees legally-required overtime premiums for hours worked over forty (40) in a given workweek, and that they failed to provide proper wage notice and wage statements in violation of the Fair Labor Standards Act ("FLSA"), federal law, and New York State Labor Law ("NYLL"). Defendants have denied and continue to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit.

## 3. What is a class action?

In a class action lawsuit, one of more people called "Class Representatives," (in this case Philip Quow and Clyde Reaves) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." One Court resolves issues for all Class Members, except for those who exclude themselves from the Class. Judge Katharine H. Parker is in charge of this class action.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. The Plaintiffs think they could have won if they went to trial. The Defendants think the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, both sides avoid the cost and risk of a trial, and the people affected will get compensation. The Class Representatives and their attorneys think the settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

**5. How do I know if I am part of the settlement?**

The parties and Judge Parker have decided that everyone who fits this description is a Class Member:

> *All current and former plumbers and sprinkler Mechanics who worked for Accurate Mechanical, Inc. or Accurate Mechanical, Inc. as plumbers at any time from December 17, 2009 through June 16, 2016.*

Accurate Mechanical's records state that you are a Class Member. If you fit this description, do not opt-out of the settlement, and submit a valid claim form, you will receive a payment.

**6. Are there exceptions to being included?**

You are not a Class Member if you did not work for Accurate Mechanical Inc. as a plumber during the relevant time period. If a Class Member does not receive this Notice, he or she should contact Class Counsel at (212) 563-9884 to verify address and employment information.

**7. I am still not sure if I am included?**

If you are still not sure whether you are included, you can call Samuel & Stein at (212) 563-9884 for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

**8. What does the settlement provide?**

Accurate Mechanical Inc. have agreed to provide a gross settlement payment of up to $1,375,000.00, inclusive of attorneys' fees and costs, service awards and administration fees and costs, plus employment and other taxes, to all Class Members who do not opt-out of the settlement, based on their total estimated damages for work during the Class Period.

**9. How much will my payment be?**

Your payment will depend on your total estimated damages for unpaid overtime hours worked during the Class Period, based on defendants' records, as well as statutory

damages for defendants' failure to provide you with accurate wage notices and wage statements.  The Court has approved this formula.

# HOW YOU GET A PAYMENT

## 10. How can I get a payment?

To qualify for payment, you must not opt-out of the settlement and you must submit a valid claim form.  The form you need to fill out is included with this Notice.

## 11. When would I get my payment?

The Court will hold a hearing on **June 28, 2018 at 10:00 a.m. in Courtroom 17D, U.S. District Court, 500 Pearl Street, New York, New York 10007** to decide whether to approve the settlement. If Judge Parker approves the settlement after that, there may  be appeals. It is always uncertain whether these appeals can be resolved, and resolving  them can take time.  Please be patient.

Once the appeals, if any, are resolved, the settlement will be paid by Defendant Accurate Mechanical Inc. to the claims administrator in 24 quarterly installments. The settlement checks will be mailed out or distributed to the Class Members by the claims  administrator every six months within ten (10) days of receipt of the funds from  Defendants.

Any funds not claimed by employees in excess of $2,000.00 that remain in the  settlement fund after the  expiration of the check cashing period will revert to Defendants Accurate Mechanical  Inc.

## 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues s e t t l e d  in this case. It also means that all of the Court's orders will apply to you and  legally bind you.

Specifically,  unless you exclude  yourself from  the  settlement,  you will fully  release Defendants Accurate Mechanical Inc., their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and /or administrators,  and all persons acting by, through, under or in concern with any of them, and individual Defendants Daniel Reilly and John O'Shea, their heirs, family members, representatives, assigns and all persons acting by, through, under or in concern with them, from any and all claims asserted (or that could have been asserted) under state and local law that arose any time between December 17, 2009 and June 16, 2016 that relate to or  otherwise concern compensation, wages, overtime, or wage statements or notices,  including, but not limited to, all such claims under the New York Labor Law, and any

other federal, state or local law or common law or equitable principles directly or indirectly relating to failure to compensate or pay wages, overtime wages, minimum wages, or spread-of-hours pay, failure to provide wage notices or statements, or failure to provide accurate tax reporting forms, liquidated damages, interest, penalties, and attorneys' fees and costs or expenses of any nature related to such claims for periods of time in which you worked for Accurate Mechanical Inc. as a plumber. If you file a Claim Form you will fully release Defendants Accurate Mechanical Inc., their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and /or administrators, and all persons acting by, through, under or in concern with any of them, and individual Defendants Daniel Reilly and John O'Shea, their heirs, family members, representatives, assigns and all persons acting by, through, under or in concern with them, from any and all claims asserted (or that could have been asserted) under federal, state and local law that arose any time between December 17, 2009 and June 16, 2016 that relate to or otherwise concern compensation, wages, overtime, or wage statements or notices, including, but not limited to, all such claims under the Fair Labor Standards Act, New York Labor Law, and any other federal, state or local law or common law or equitable principles directly or indirectly relating to failure to compensate or pay wages, overtime wages, minimum wages, or spread-of-hours pay, failure to provide wage notices or statements, or failure to provide accurate tax reporting forms, liquidated damages, interest, penalties, and attorneys' fees and costs or expenses of any nature related to such claims for periods of time in which you worked for Accurate Mechanical Inc. as a plumber.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself – and is sometimes referred to as "opting out" of the settlement Class.

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must mail a written, signed statement including your name, address, and telephone number(s) to the Settlement Administrator or to Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001 stating "I opt out of the Accurate Mechanical overtime wages settlement and I understand that I will not receive any money from the Settlement," or words to that effect. The written opt-out statement must be postmarked no later than **[insert date 60 days from mailing this Notice]**. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendants in the future.

**14. If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your lawsuit. Remember, the exclusion deadline is **[insert date 60 days from mailing this Notice**].

**15. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in this case?**

The Court has decided that the law firm of Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001 (212) 563-9884 is qualified to represent you and all Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How will the lawyers be paid?**

Class counsel will ask the Court to approve payment of one third of the settlement amount – approximately $450,000 – for attorneys' fees, plus reimbursement of expenses. Class counsel will also ask the Court to approve payment of up to $3,500 to each of the Named Plaintiffs for their service as Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Class Counsel will take their fees from the total settlement prior to your payment being sent to you; you will not have to make any additional payments.

## OBJECTING TO THE SETTLEMENT

You can tell the Court you do not agree with the settlement or some part of it.

**18. How do I tell the Court that I do not like the settlement?**

If you are a Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a written statement including your name, address, and telephone number(s) to Class Counsel, Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001, or the Settlement Administrator, including all reasons for the objection. The written objection statement must be postmarked no later than [**insert date 60 days from mailing this Notice**]. Any reasons not included in the statement will not be considered by the Court.

## 19. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

## 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing **on June 28, 2018 at 10:00 a.m. in Courtroom 17D at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007**. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Parker will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 21. Do I have to come to the hearing?

No. Class Counsel will answer questions that Judge Pauley may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing, although you cannot speak at the hearing if you excluded yourself. In order to speak at the Fairness Hearing, you must submit a written objection before the deadline, as explained above in Paragraph 18.

# IF YOU DO NOTHING

| 23. What happens if I do nothing at all? |
|---|

If you do nothing, you will not get money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Accurate Mechanical about the legal issues settled in this case as described above, ever again.

# GETTING MORE INFORMATION

| 24. Are more details available? |
|---|

This notice summarizes the proposed settlement to Class Members. More details are available in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001. You can also call Class Counsel at (212) 563-9884 for more information regarding the settlement and whether you are eligible for a payment.

DATE: _____ , 2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Philip Quow and Clyde Reaves, on behalf of themselves and all other persons similarly situated, | |
| Plaintiffs, | DOCKET NO. 15-CV-9852 (KHP) |
| - vs. – | **CLAIM FORM AND RELEASE** |
| Accurate Mechanical Inc., John O'Shea, and Daniel Reilly, | |
| Defendants. | |

**TO:** All individuals who were employed by Accurate Mechanical Inc. as plumbers, sprinkler Mechanics, or the like from December 17, 2010 through June 16, 2016.

As explained in detail in the Notice of Proposed Settlement (the "Notice"), if you do not opt out of the Class, you will be a member of the lawsuit and will be bound by the result as described in the notice, regardless of whether or not you actually receive any payment. In order to obtain your monetary distribution, which would be $_____under the formula agreed to by the parties, you must timely submit this Claim Verification Form.

# If you do not submit this form, and a completed W-9 Form, including your social security number and the attached information sheet, you will not be entitled to receive any money from this settlement.  This form must be mailed to the Settlement Administrator and postmarked by [DATE], 2018.

**ATTESTATION**

I understand that this lawsuit was brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law ("NYLL").  I hereby consent and agree to join this action.  I consent and agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the class and collective action settlement proposed by my attorneys and as preliminarily approved by the Court and as may be finally approved by the Court. I hereby designate the law firm of Samuel & Stein to represent me in this action.

My signature below constitutes a full and complete release and discharge of  Defendants Accurate Mechanical Inc., their owners, stockholders, predecessors,  successors, assigns, agents, directors, officers, employees, representatives, attorneys,  parents, subsidiaries,

affiliates, benefits plans, plan fiduciaries, and /or administrators, and all persons acting by, through, under or in concern with any of them, and individual Defendants Daniel Reilly and John O'Shea, their heirs, family members, representatives, assigns and all persons acting by, through, under or in concern with them, from any and all claims asserted (or that could have been asserted) under federal, state and local law that arose any time between December 17, 2009 and June 16, 2016 that relate to or otherwise concern compensation, wages, overtime, or wage statements or notices, including, but not limited to, all such claims under the Fair Labor Standards Act, New York Labor Law, and any other federal, state or local law or common law or equitable principles directly or indirectly relating to failure to compensate or pay wages, overtime wages, minimum wages, or spread-of-hours pay, failure to provide wage notices or statements, or failure to provide accurate tax reporting forms, liquidated damages, interest, penalties, and attorneys' fees and costs or expenses of any nature related to such claims for periods of time in which you worked for Accurate Mechanical Inc. as a plumber.

I understand that I must submit this Claim Form together with the Claim Verification Form and completed W-9 Form if I wish to receive any money under the settlement. I declare under penalty of perjury that the above information and the information on the Claim Verification Form is correct.

_____        _____        _____
Name                             Signature                           Date

_____
Mailing Address

Please mail the Claim Form and Claim Verification Form, and completed W-9 Form to the Settlement Administrator at

_____
_____
_____, _____

A pre-addressed envelope is included for your convenience.

[attach W-9 Form]

**INFORMATION SHEET - ACCURATE**

**MECHANICAL OVERTIME WAGES CASE CLAIM**

**VERIFICATION FORM**

(please print neatly)

1.      My name is _____

2.      My present address is _____

_____

3.      Daytime phone number: _____

4.      Evening phone number: _____

5.      Email: _____

_____
[signature, preferably in blue ink]

_____
Date

Sign and return this form in the pre-addressed envelope to the Settlement Administrator at _____.

**If your address or other contact information changes, please inform [THE SETTLEMENT ADMINISTRATOR] immediately in order to ensure that you receive all of the settlement checks to which you may be entitled.**