# EXHIBIT B

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is made this 23rd day of January, 2018, between Philip Quow and Clyde Reaves (collectively, "Named Plaintiffs"), on behalf of themselves and the class of current and former employees of Accurate Mechanical Inc. that they represent (collectively, the "Class Members"), and Accurate Mechanical Inc. and Daniel Reilly (collectively, "Accurate" or "Defendants," and collectively with the Named Plaintiffs and the Class Members, "Parties").

**WHEREAS**, a class & collective action complaint (the "Complaint") entitled *Quow, et al. v. Accurate Mechanical Inc., et al.*, No. 15-CV-9852 (WHP)(JCF) was filed in the United States District Court for the Southern District of New York on December 17, 2015, in which claims were asserted against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law ("NYLL"), §§ 650 et seq., and related regulations pursuant to such laws, for the alleged failure to pay overtime wages for all hours worked in excess of forty (40) hours per week;

**WHEREAS**, John O'Shea was named as a defendant in the Complaint, but the Defendants have satisfied Plaintiffs that John O'Shea is not a proper defendant and Plaintiffs are not pursuing any claims against him;

**WHEREAS**, the Defendants filed an Answer on April 22, 2016, wherein they denied the material allegations of the Complaint;

**WHEREAS**, on June 16, 2016, the Court granted Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act Collective Action and Authorize Notice to be Issued to All Persons Similarly Situated, and notices were sent to a list of employees disclosed by Defendants;

**WHEREAS**, the purpose of this Agreement is to settle fully and finally all Released Claims between Plaintiffs and Defendants;

**WHEREAS**, 16 individuals filed timely consents to join into the FLSA collective action portion of this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Opt-Ins");

**WHEREAS**, Defendants produced thousands of pages of work and payroll records for the Named Plaintiffs and the Class Members, and Plaintiffs' counsel had the opportunity to review and analyze these documents, and discuss them with Plaintiffs and participate in settlement discussions with Defendants;

**WHEREAS**, on March 27, 2017, May 15, 2017, and October 3, 2017, the Parties participated in settlement conferences before Magistrate Judge Kathleen L. Parker, who was instrumental to the Parties reaching this Agreement to settle the Action on the terms and conditions set forth herein to avoid the burden, expense, and uncertainty of continuing the Action;

1

**WHEREAS**, Plaintiffs' counsel has analyzed and evaluated the merits of the claims made against Defendants in the Action, and the impact of this Agreement on the Named Plaintiffs and members of the class and collective action and, based upon an analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might result in a recovery that is less favorable and that might not occur for several years, Plaintiffs' counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of the Named Plaintiffs and the members of the class and collective action;

**WHEREAS**, the Parties do not abandon their respective positions on the merits of the Litigation. Nonetheless, the Parties recognize that continued litigation, including any appeals, would be protracted, expensive, uncertain, and contrary to their respective best interests. Accordingly the Parties believe that this Agreement is the most efficient and beneficial method to resolve the claims actually asserted and those that could have been asserted therein;

**WHEREAS**, this Agreement is intended to, and does, effectuate the full, final and complete resolution of all allegations and claims that were asserted, or could have been asserted, in the Litigation, including any appeals, by Plaintiffs and the Class Members that Plaintiffs seek to represent.

**NOW THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Action and all of the claims asserted therein by the Named Plaintiffs, FLSA Opt-Ins, and the Class Members, on the following terms and conditions, subject to approval by the Court pursuant to federal law:

1. **Definitions**

   a. **Action**. "Action" means the case filed in the United States District Court for the Eastern District of New York identified as *Quow, et al. v. Accurate Mechanical Inc., et al.*, No. 15-CV-9852 (WHP)(JCF).

   b. **Active Class Members**. "Active Class Members" means all Participating Class Members who timely return a valid Claim Form.

   c. **Agreement**. "Agreement" means this Class Action Settlement Agreement and Release.

   d. **Bar Date.** "Bar Date" means the date sixty (60) days after the Initial Mailing Deadline.

   e. **Claim Form.** "Claim Form" shall mean the form annexed to this agreement as Exhibit C, or some similar form as prepared by the Settlement Administrator,

which a Participating Class Member must return in order to become an Active Class Member and receive payments under this Settlement Agreement.

f. **Claim Period.** "Claim Period" means the period for filing claims, which shall be from the date of the initial mailing of the Notice until sixty (60) days following the date of the initial mailing of the Notice.

g. **Class Counsel.** "Class Counsel" shall mean David Stein, Esq., Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, New York 10001, Tel No. (212) 563-9884. Email: dstein@samuelandstein.com.

h. **Class; Class Members.** "Class Members" shall mean the Named Plaintiffs, the Opt-In Plaintiffs and all current and former employees who worked for Accurate Mechanical Inc. as plumbers, sprinkler mechanics, and similar professions at any time from December 17, 2009 through June 16, 2016.

i. **Court.** "Court" means the United States District Court for the Southern District of New York, the Honorable William H. Pauley, presiding.

j. **Defendants.** "Defendants" shall mean Accurate Mechanical Inc. and Daniel Reilly, their present and former members, owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and all persons acting by, through, under or in concert with any of them.

k. **Defendants' Counsel.** "Defendants' Counsel" shall mean Lavallee Law Offices, by Keith Lavalle, Esq. and Kristopher Dennis, Esq., 4 West Gate Road, Farmingdale, NY 11735.

l. **Effective Date.** "Effective Date" of the settlement shall mean the first date after the Court has entered a Final Approval Order approving this settlement, the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed, or if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court.

m. **Employer Payroll Taxes.** "Employer Payroll Taxes" means all taxes and/or contributions that an employer is required to make arising out of or based

upon the payment of employment compensation in this settlement, which shall include employer FICA, FUTA, and SUTA obligations, if any.

n. **Fairness Hearing**. "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

o. **Final Approval Order**. "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks, and Dismissal of the Action with prejudice.

p. **Named Plaintiffs**. "Named Plaintiffs" means Philip Quow and Clyde Reaves.

q. **Net Settlement Fund.** "Net Settlement Fund" means the remainder of the Total Settlement Amount after deductions for Court-approved attorneys' fees and costs for Class Counsel, Court-approved Settlement Administrator fees, and Court-approved Service Awards to the Named Plaintiffs.

r. **New York State Class.** "New York State Class" refers to the class certification under Fed. R. Civ. P. 23, for settlement purposes only, of the New York Labor Law Claims asserted in the Litigation.

s. **Notice or Notices.** "Notice" or "Notices" means the Court–approved Notices of Proposed Settlement of Class Action Lawsuit, attached hereto as Exhibit B.

t. **Objector**. "Objector" means an individual who timely files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

u. **Opt-in Plaintiffs**. "Opt-in Plaintiffs" means the nineteen (19) individuals who have already joined this Action by filing a timely Consent to Become a Party Plaintiff form.

v. **Opt-out Statement.** "Opt-out Statement" is a written signed statement that an individual Class Member has decided to opt-out and not be included in this Agreement.

w. **Participating Class Members.** "Participating Class Members" are all Class Members who do not submit a valid Opt-out Statement and who submit a valid Claim Form.

x. **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court Order that, inter alia: (i) conditionally certifies a Class solely for purposes of determining whether the terms of the settlement are fair; (ii) preliminarily approves the terms and conditions of this Agreement; (iii) directs the manner and timing of providing Notices to the Class Members; and (iv) sets the time period for opt-outs and objections.

4

y. **Releasees.** "Releasees" means Defendants Accurate Mechanical Inc., John O'Shea, Daniel Reilly, and each and all of its and their affiliates, parents, subsidiaries, predecessors, successors, divisions, insurers, joint ventures and assigns, and each of these individuals' and entities' past or present owners, directors, officers, managers, employees, partners, members, principals, representatives, agents, servants, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives and any other successor, assign or legal representative of any of the Defendants.

z. **Released Claims.** "Released Claims" means all claims asserted under federal or state laws by and on behalf of the Participating Class Members for the period December 17, 2009 through June 16, 2016. The Released Claims include any and all claims under the Fair Labor Standards Act, the New York Labor Law, and related regulations pursuant to such laws, and any other federal, state or local law or common law relating to failure to pay wages, overtime wages, minimum wages, spread of hours payments, expense reimbursement, liquidated damages, interest, penalties, and attorneys' fees and costs related to such claims.

aa. **Relevant Statutory Period.** The "Relevant Statutory Period" refers to the period between December 17, 2009 through June 16, 2016.

bb. **Service Award.** "Service Award" refers to the request by the Named Plaintiffs for Service Awards not to exceed Three Thousand Five Hundred Dollars ($3,500) per person, to be paid from the Settlement Amount.

cc. **Settlement Administrator.** "Settlement Administrator" shall mean a third-party settlement administration company to be agreed upon by the parties. In its motion for Preliminary Approval, Plaintiffs will seek to have a third-party settlement administration company retained as the class action Settlement Administrator in order to establish and maintain the Qualified Settlement Fund, to issue Settlement Checks to Participating Class Members and to deduct, withhold, remit and report taxes or other payments to appropriate governmental authorities or agencies, subject to a showing of appropriate bonding to secure the obligations of the Settlement Administrator pursuant to this Agreement.

dd. **Settlement Amount.** "Settlement Amount" means an amount no greater than One Million Three Hundred Seventy-Five Thousand Dollars ($1,375,000.00), as further described in this Agreement.

ee. **Settlement Check(s).** "Settlement Check(s)" means check(s) issued by the Settlement Administrator to the Active Class Members for their share of the Net Settlement Fund calculated based upon the alleged improperly paid overtime hours worked, as allocated pursuant to the allocation procedure agreed to as described in Paragraph 11.

ff. **Settlement Fund**. "Settlement Fund" means the settlement fund that will be established by the Settlement Administrator to issue Settlement Checks to Active Class Members and to withhold, remit, and report taxes to appropriate taxing authorities.

## 2. Initial Procedural Issues

a. **Binding Agreement**. This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Action and all claims asserted therein by the Named Plaintiffs, FLSA Opt-Ins, and the Class Members.

b. **Retention and Responsibilities of the Settlement Claims Administrator**. The Settlement Administrator will be responsible for the mailing of Notices to Class Members in accordance with the Court's Preliminary Approval Order, calculating the Settlement Checks in accordance with the Court's Final Approval Order, and will perform claims administration and distribution of the Settlement Checks to Active Class Members.

c. **Preliminary Approval Motion.**

   i. Plaintiffs will file an unopposed Motion for Preliminary Settlement Approval ("Preliminary Approval Motion") consistent with this Agreement.

   ii. With the Preliminary Approval Motion, Class Counsel will submit to the Court, among other things: (1) a Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing; (2) the proposed Claim Form; and (3) the proposed Preliminary Approval Order certifying, for purposes of settlement only, the New York State Class under Fed. R. Civ. P. 23, appointing Samuel & Stein as Class Counsel, appointing an agreed-upon third-party Settlement Administrator and preliminarily approving the Settlement.

   iii. The Preliminary Approval Motion also will seek the setting of date(s) for individuals to submit statements to opt-out of this Agreement or provide objections to this Agreement, which date will be sixty (60) days from the mailing of Notice to the Class Members, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date, but not earlier than ninety (90) days after the date that notice is provided to applicable government regulators pursuant to the Class Action Fairness Act of 2005.

   iv. Within ten (10) days after the Preliminary Approval Motion is filed, defendants shall provide notice to applicable government regulators pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

v.   In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things: (1) approve the settlement as fair, adequate, and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Action with prejudice; (4) approve payment of the Settlement Administrator's fees from the Qualified Settlement Fund; (5) award Service Awards to the Named Plaintiffs; and (6) award Class Counsel fees and costs.

vi.  If the Court denies the Preliminary Approval Motion, unless the parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, the Action will resume as if no settlement had been attempted. Defendants retain the right to contest whether the Action should be maintained as a class action and to contest the merits of the claims being asserted in the Action.

vii. The parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Judgment of Dismissal.

### 3. **Notice to Class Members**

a.  Within five (5) days of issuance of the Preliminary Approval Order, Defendants will provide Class Counsel a list of all Class Members containing names, last known addresses, and social security numbers, if one was provided, of the Class Members. Class Counsel will immediately forward this information to the Settlement Administrator. All such Class Member personal information will be treated as confidential information by the Settlement Administrator and shall not be shared by the Settlement Administrator with anyone without first obtaining the express written permission of all Parties in advance of any such disclosure.

b.  Promptly following the Court's entry of the Preliminary Approval Order, Class Counsel shall prepare final versions of the Notice and Claim Form, incorporating into the documents the relevant dates and deadlines set forth in the Court's Order, which will be reviewed and approved by Defense counsel and will then supply these documents to the Settlement Administrator.

c.  After approval by the Court and Defense counsel, Class Counsel shall have the Notice and Claim Form translated into Spanish by a certified translator, and will supply these documents to the Settlement Administrator along with the English versions. The Settlement Administrator shall send both versions of these documents to any Class Member identified by Class Counsel, and any other Class Member who requests a Spanish version.

d.  The Claim Form shall include instructions on how to submit the form, and shall notify recipients that the form must be completed, signed under penalty of perjury and postmarked by no later than the date specified herein.

e.  Within ten (10) days of receipt of the list of Class Members and the Notice and Claim Form, the Settlement Administrator will mail to all Class Members, via First Class United States Mail, postage prepaid, the Court–approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing and the Claim Form, with a pre-addressed envelope.

f.  The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned by the post office as undeliverable. The Settlement Administrator will simultaneously notify Class Counsel and counsel for the Defendants of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement. The Settlement Administrator will promptly re-mail the Notice to any alternative addresses identified for Class Members whose Notices were returned as undeliverable.

g.  The Settlement Administrator will not be required to attempt more than two (2) mailings of the Notice to any Class Member, and no mailing shall occur more than thirty (30) days after the first mailing to the Class Member.

h.  In order to be a valid claim form, the Claim Form must be completed as instructed on the Claim Form, signed, dated, and returned to Class Counsel within the Claim Period. Within five (5) days of receipt of an unsigned or incomplete Claim Form during the Claim Period, Settlement Administrator shall notify in writing the Class Member who returned such Claim Form of its deficiency and provide such individual with a copy of his or her original Claim Form or another Claim Form that the individual may use to cure the deficiency within the later of the Claim Period or ten (10) days after being notified of the deficiency. The notice of deficiency and substitute Claim Form required hereunder shall be provided to the individual via first class mail, email or such other manner selected by Class Counsel. If not properly completed and returned to Settlement Administrator within the Claim Period or such later ten (10) day period (if applicable), the Claim Form will be null and it will not be considered or become a Valid Claim Form.

i.  Defendants and management employees working for Defendants shall not make any statements to in any way discourage Class Members from participating in the Settlement, including but not limited to discouraging Class Members from returning claim forms or discouraging Participating Class Members from cashing or depositing Settlement Checks.

8

j.  The Claims Administrator shall not review or consider any claim form postmarked after the end of the Claims Period or make any disbursement with respect to any Claim Form postmarked after the end of the Claims Submission Period, except as the Court approves or the Parties agree as set forth herein.

k.  Within sixty (60) days after mailing the Notice, the Settlement Administrator will provide a complete list simultaneously to Class Counsel and counsel for the Defendants of all Class Members who have returned valid Claim Forms.

## 4. Class Member Opt-outs.

a.  Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to Class Counsel or the Settlement Administrator stating that he or she is opting out of the settlement. The statement should include his or her name, address, and telephone numbers and state, "I opt out of the Accurate Mechanical overtime wages settlement, and I understand I will not receive any money from the settlement" or words to that effect ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked within sixty (60) days after the Settlement Administrator mailed the Notice.

b.  The end of the time period to opt-out of the settlement ("Opt-out Period") shall be sixty (60) days after the day on which the Settlement Administrator mails a Notice to a Class Member.

c.  Class Counsel shall serve copies of each Opt-out Statement on Defendants' Counsel and the Settlement Administrator not later than three (3) business days after receipt thereof. Class Counsel will also, within three (3) business days of the end of the Opt-out Period, file on ECF copies of any Opt-out Statements. Class Counsel will send, within two (2) business days of the end of the Opt-out Period, a final list of all Opt-out Statements, if any, to Defendants' Counsel by email.

d.  Any Class Member who does not properly and timely submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement and will be issued Settlement Checks as set forth in this Agreement if a valid Claim Form is filed. Class Members who submit timely Opt-out Statements are not bound by or subject to this Agreement.

## 5. Objections to Settlement.

a.  Participating Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to Class Counsel via First-Class United States Mail, postage prepaid, or by such other means as to be actually

9

received by Class Counsel, within sixty (60) days after the Settlement Administrator mails Notice to such Class Member. The statement must include all reasons for the objection, and any reasons not included in the statement will not be considered. The statement must also include the name, address, and telephone numbers for the Participating Class Member making the objection.

b. Class Counsel will send copies of each objection to Defendants' counsel by email no later than three (3) days after receipt thereof.

c. Class Counsel will also file the originals of any and all objections with the Court within three (3) days after the end of the Opt-out Period.

d. An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objection. A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.

e. The parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

f. No Encouragement of Objections, Opt Outs or Appeals. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the Settlement Class to submit written objections to the settlement or requests for exclusion from the settlement, or appeal from the Order and Final Judgment.

6. **Fairness Hearing and Motion for Final Approval and Dismissal**.

a. No later than fourteen (14) days prior to the Fairness Hearing, Class Counsel will submit to the Court a memorandum of law and any necessary affidavits, objections, or opt-out information in support of a Motion for Final Approval and Dismissal ("Final Approval Motion"). While it is anticipated that such Final Approval Motion will be submitted with the consent of the Parties, Defendants' counsel will have ten (10) days to respond thereto, and Class Counsel may file a reply no later than two (2) days before the Fairness Hearing.

b. At the Fairness Hearing and Motion for Final Approval and Dismissal, the parties will request that the Court, among other things: (1) certify the Class for purposes of the Settlement; (2) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely

opted out of the settlement; (3) approve the procedure for Defendants to pay the Settlement Amount into the Settlement Fund in installments as specified herein and for the Settlement Administrator to issue Settlement Checks to Active Class Members in the amounts set forth pursuant to the agreed-upon Settlement allocation; (4) order the Settlement Administrator to distribute the Settlement Checks to the Active Class Members; (5) order that Service Awards in an amount not to exceed Three Thousand Five Hundred Dollars ($3,500) be paid to each of the Named Plaintiffs; (6) order the attorneys' fees and costs to be paid to Class Counsel from the Settlement Amount; (6) order that the Settlement Administrator be paid its fee from the Settlement Fund and subject to prior approval by Class Counsel and Defendants' Counsel, based upon reasonable time, costs, and expenses actually incurred; (7) order the amount of any Settlement Checks issued to Participating Class Members which remain uncashed as of the end of the Settlement Payment Period to remain with Defendants (the "Reversion"); (9) order the dismissal with prejudice of all claims asserted in the Action, Released Claims, and the claims of all Class Members who did not opt-out, subject only to an application for relief under Fed. R. Civ. P. 60(b)(1), or 60(d); (10) order entry of Judgment of Dismissal in accordance with this Agreement; and, (11) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

c. If the Court fails to enter a Final Approval Order in accordance with this Agreement, or if the Final Approval Order is set aside by appeal, the parties will resume the Action unless the parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying Final Approval; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

d. In the event that the Court fails to enter a Final Approval Order and Judgment and Litigation continues, (i) the Class, which was certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b) for purposes of settlement, shall be decertified, and Defendants shall retain the right to contest whether this Litigation should be maintained as a class action or collective action and to contest the merits of the claims being asserted in this action and (ii) the Court will provide notice to Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Class Members under the Agreement. Such notice shall be mailed by the Settlement Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Administrator in mailing the Notice; and (iii) the Parties will share in equal parts the fees and expenses of the Settlement Administrator.

11

e. The Fairness Hearing shall not be held earlier than ninety (90) days after the date that notice is provided by the Defendants to applicable government regulators pursuant to the Class Action Fairness Act of 2005.

## 7. **Settlement Amount; Distribution Procedure**

a. Defendants, jointly and severally, agree to pay up to a gross total Settlement Amount of up to One Million Three Hundred Seventy-Five Thousand Dollars and No Cents ($1,375,000.00) which shall fully resolve and satisfy all amounts due under this Agreement, including: (1) all payments to be made to the Named Plaintiffs and Participating Class Members pursuant to this Agreement; (2) all costs and attorneys' fees approved by the Court; (3) any court-approved Service Awards; and (4) reasonable costs of settlement administration (except as otherwise provided herein). Under no circumstances shall Defendants be required to pay more than $1,375,000, other than amounts due to cover Defendants' share of settlement administration and payroll taxes as described in Paragraphs 7(j) and 7(l).

b. The Parties expressly understand that if less than all Settlement Class Members submit Claim Forms, the total amount ultimately paid by the Defendants will be less than the Funds Available for Settlement.

c. In order for Participating Class Members to be eligible to receive payments from the Settlement Amount, they must return their Claim Forms to the Settlement Administrator. Participating Class Members who return valid Claim Forms in a timely manner will be deemed Active Class Members.

d. Defendants will pay the lesser of $1,375,000.00 or the amount claimed by the Active Class Members, inclusive of amounts ordered by the Court for Attorneys' Fees (which are up to one-third of the amount of the Settlement Amount that will be issued to Active Class Members), and Service Awards, in addition to Settlement Administrator expenses of a sum up to but no more than ½ of $45,000.00 ($22,500.00). ("Disbursement Amount")

e. Defendants will pay the Disbursement Amount in twenty-four (24) quarterly installments, sent to the Settlement Administrator by wire transfer payable to the Qualified Settlement Fund ("QSF") within the meaning of Treasury Regulation § 1.468B-1, et seq. The first installment shall be due within thirty (30) days of the Effective Date. Each subsequent installment shall be due to the Settlement Administrator three months after the due date of the previous installment.

f. The Settlement Administrator will distribute Settlement Checks to all Active Class Members and Class Counsel in accordance with the Final Approval Order; those distributions shall be made semiannually, within fifteen (15) days after receipt of every second installment payment from Defendants

under Paragraph 7(d). Simultaneously with each such distribution, the Settlement Administrator shall provide to counsel for the Parties complete summary of all checks so distributed and the amounts thereof.

g. Active Class Members will have 120 days from the date of the mailing of each installment to cash their Settlement Checks.

h. If any Active Class Member does not cash his or her Settlement Check within the 120 day period specified by Paragraph 7(f), or in the event that any Active Class Member's settlement check is returned as undeliverable, the Settlement Administrator shall simultaneously inform Class Counsel and counsel for the Defendants, and will take all reasonable steps to obtain an updated, correct address for that Active Class Member. If another address is identified for that Active Class Member, the Settlement Administrator will make a second attempt to mail the check (the "Second Check") to that Active Class Member, and will simultaneously advise Class Counsel and counsel for the Defendants of the same. Should the Settlement Administrator be unable to locate a correct address for that Active Class Member, or should the Second Check also remain uncashed 120 days after its mailing, then the Settlement Administrator shall hold those funds (the "Escrowed Funds") in the Qualified Settlement Fund.

i. An Active Class Member may contact the Settlement Administrator at any time within six years of the Effective Date in order to provide notice to the Administrator of accurate contact information. If the Active Class Member provides such notice, the Settlement Administrator will add the amount of the Escrowed Funds attributable to that Class Member to that Class Member's next scheduled installment payment.

j. If an Active Class Member has not provided updated contact information by a date no later than sixty (60) days before the date of the final installment payment, then the Active Class Member shall forfeit all right to the Escrowed Funds attributable to that Class Member, and those funds shall revert back to the Defendants.

k. Separately from the Settlement Fund, Defendants will make a single, one-time payment of one-half of the Settlement Administrator's fees, in an amount not to exceed $45,000 (up to $22,500.00).

l. In connection with the foregoing, the Settlement Administrator will also timely mail all associated tax forms described in Paragraph 11, and shall simultaneously with such mailing provide a copy of same to counsel for the Parties.

m. Defendants will be responsible for paying all Employer Payroll Taxes on the portion of the Settlement Amount attributable as W-2 wages.

13

**8. Breach; Cure; Security.**

    a. In the event that the Settlement Administrator does not receive any installment payment from Defendants on or before the date that said installment payment is due, the Settlement Administrator shall simultaneously notify Class Counsel and Defendants' Counsel by email and facsimile at the addresses specified in Paragraphs 1(g) and 1(k) of this Agreement (the "Breach Notice"). Defendants will have ten (10) days from the date a Breach Notice is emailed to cure the breach (the "Cure Period").

    b. Should Defendants fail to cure the breach within the Cure Period, Defendants shall be deemed to be in Default of their obligations under this Agreement. Defendants' Default shall cause all remaining Settlement Funds owed by Defendants to the Participating Class Members and Class Counsel under this Agreement to become immediately due and payable. Named Plaintiffs, on behalf of the Participating Class Members, shall immediately be entitled to apply for a default judgment before the United States District Court for the Southern District of New York – or any other court of competent jurisdiction – against the Defendants without further notice for the accelerated amount of two (2) times of the Disbursement Amounts, less the amounts already paid, to be secured by a confession of judgment.

    c. Within ten (10) days after the Bar Date, Defendants shall deliver to Class Counsel a fully-executed affidavit of judgment by confession in conformance with New York's C.P.L.R. § 3218(a), a copy of which is attached as Exhibit A. The affidavit shall be held by Class Counsel in escrow until (a) the Settlement Amount is fully paid by Defendants, in which case Class Counsel shall destroy the document or release it back to Defendants' counsel, or (b) Defendants are in Default, in which case Named Plaintiffs, on behalf of the Participating Class Members, are authorized to file the confession of judgment.

    d. Defendants shall not, without the consent of Named Plaintiffs, sell, gift, transfer, further encumber or otherwise convey or cause to be conveyed in any fashion the property located at 315 E. 235th Street, Bronx, New York (the "Property") before the full amount of the monies due under this Agreement have been paid to the Settlement Administrator. Plaintiffs will not unreasonably refuse consent to Defendants' efforts, if any, to refinance the mortgage(s) on the Property. As soon as the Defendants have fully satisfied their payment obligations pursuant to this Agreement, this provision shall immediately become null and void and shall cease to have any force or effect whatsoever.

    e. Defendants shall have the option of either wholly or partially paying off the balance of the disbursement amount owed at any time prior to any scheduled payment due date. Any such prepayment shall not alter the scheduled due dates for subsequent installments.

**9. Settlement Amounts Payable as Attorneys' Fees and Costs.**

    a. At the Fairness Hearing and Motion for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees of no more than one-third (33.33%) of the Settlement Amount after reimbursement for litigation costs and expenses up to $1,1170.34, plus reimbursement of actual settlement administration fees paid by Class Counsel (if any), to be paid from the Settlement Amount. Defendants will not oppose Class Counsel's application of up to one-third of the Settlement Amount in attorneys' fees plus costs and expenses up to $1,1170.34, plus reimbursement of actual settlement administration fees (if any) paid by Class Counsel. Class Counsel will also seek an order approving payment of administration costs not paid by Class Counsel to the Settlement Administrator.

    b. Class Counsel shall be reimbursed for litigation costs and expenses, as well as actual settlement administration fees paid by Class Counsel, out of the initial installment. Attorneys' Fees shall be paid to Class Counsel in installments consistent with the allocation of Settlement Checks to Active Class Members.

    c. The substance of Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

**10. Service Awards to Named Plaintiffs.**

    a. In return for services rendered to the Class Members, at the Fairness Hearing, Named Plaintiffs will apply to the Court to receive no more than $3,500.00 each as a Service Award from the Settlement Amount. Defendants will not oppose such request.

    b. The Service Awards, if any, will be separate and apart from, and in addition to, other recovery to which the Named Plaintiffs are entitled under other provisions of this Agreement.

    c. The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action. The outcome of the Court's ruling on the application for Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval and Judgment.

**11.Allocation to Class Members.**

    a.  Only Active Class Members shall be entitled to an allocation of payments from the Settlement Amount.

    b.  The allocation to Active Class Members for Settlement Checks will be made from the Settlement Amount after deductions for Court-approved Service Awards for the Named Plaintiffs, the portion of Settlement Administrator's fees and costs that are not paid by Defendants, and attorneys' fees and costs for Class Counsel.

    c.  The Settlement Administrator shall calculate a "Net Settlement Fund," which shall equal the Total Settlement Amount less the amount of Court-approved Service Awards for the Named Plaintiffs, attorneys' fees and costs approved by the Court, and court-approved administration costs for the Settlement Administrator.

    d.  If the amount owed to the Active Class Members, pursuant to the allocation formula described in Paragraph 11(f) below, is greater than the Net Settlement Fund, then the Net Settlement Fund shall be divided pro rata among all Active Class Members according to a confidential allocation using each Class Member's actual alleged damages for unpaid overtime premiums, liquidated damages, and statutory damages for violations of the Wage Theft Prevention Act during the Relevant Time Period, as described in Paragraph 11(f) below.

    e.  If the amount owed to the Active Class Members, pursuant to the allocation formula described in Paragraph 11(f) below, is less than the Net Settlement Fund, then the Participating Class Members shall each be entitled to the amounts allocated to them pursuant to that formula.

    f.  Total monies owed to each Active Class Member are reflected on the spreadsheet attached to this Settlement Agreement as Exhibit D, and were calculated as follows:

        i.  Each Active Class Member who worked for defendants after July 2013 shall be entitled to overtime damages for that time period equal to one half the amount of money reflected in Defendants' payroll records as "Expense Reimbursement" for their periods of employment for which defendants have payroll records, as well as a like amount for liquidated damages.

        ii.  Each Active Class Member who worked for defendants before July 2013 shall be entitled to estimated overtime damages for that time period equal to the average weekly damages for employees ($300) multiplied by an estimate of the number of weeks they worked, based on defendants' tax returns.

    iii. An Active Class Member who worked for defendants both before and after July 2013 shall be entitled to damages for each time period pursuant to both paragraphs 11(f) (i) and 11(f)(ii).

    iv. Each Active Class Member shall be entitled to liquidated damages in the amount of 30% of the actual overtime damages calculated pursuant to paragraphs 11(f)(i)-11(f)(iii).

    v. Each Active Class Member shall be entitled to $1,000 for Wage Theft Prevention Act damages.

g. The amounts owed to each Active Class Member pursuant to the allocation formula described in paragraph 11(f) are reflected

h. Settlement Checks paid to Active Class Members will be allocated that the overtime damages (1/2 of the expense reimbursement amount) to W-2 wage payments to compensate for alleged unpaid wages and the remainder of the settlement will be allocated to 1099 as non-wage alleged liquidated damages. All wage payments to Active Class Members shall be subject to applicable payroll and withholding taxes, and Active Class Members will be provided with appropriate documents reflecting this withholding. Each Active Class Member will be responsible for the payment of any additional local, state, or federal taxes or withholdings resulting from or attributable to the payments received.

i. The Settlement Administrator, as administrator of the Qualified Settlement Fund ("QSF") making such payments, shall report that portion of the respective Settlement Payments treated as wages to the respective Employees and to the United States Internal Revenue Service and to other appropriate taxing authorities ("Taxing Authority" or "Taxing Authorities") on Forms W-2, copies of which forms shall be simultaneously provided to counsel for the Defendants upon issuance. Such portions of the Settlement Payments treated as wages shall be subject to applicable employment taxes and withholding taxes, as determined by the Settlement Administrator as administrator of the QSF making such payments. Defendants shall bear the cost of Employer Payroll Taxes, if any, which share of taxes will not come out of the Total Settlement Amount. In the event that it is subsequently determined by any Taxing Authority that any Employee owes any additional taxes with respect to any money distributed under this Agreement, it is expressly agreed that liability for such taxes rests exclusively with that Employee and that Defendants will not be responsible for the payment of such taxes, including any interest and penalties. The Settlement Administrator, as administrator of the QSF, shall report that portion of the Settlement Payments treated as liquidated damages and interest pursuant to this Paragraph to the respective Employees and Taxing Authorities, to the extent required by law, under the Employees' names and federal taxpayer identification numbers, if any, on Forms 1099, copies of which forms shall be simultaneously provided to

counsel for the Defendants upon issuance, and such payments shall be paid without deductions for taxes and withholdings, except as required by law, as determined by the Settlement Administrator as administrator of the QSF making such payments.

j. The Settlement Administrator, as administrator of the QSF, shall report to the respective payees and to the Taxing Authorities on a Form 1099 any Service Awards made pursuant to Paragraph 10, copies of which forms shall be simultaneously provided to counsel for the Defendants upon issuance, and such payments shall be paid without deductions for taxes and withholdings, except as required by law, as determined by the Settlement Administrator as administrator of the QSF making such payments.

k. The Settlement Administrator, as administrator of the QSF, shall report the fees and costs paid to Class Counsel pursuant to Paragraph 9 to Class Counsel (and to the Taxing Authorities) on a Form 1099, copies of which forms shall be simultaneously provided to counsel for the Defendants upon issuance, under Class Counsel's federal taxpayer identification number. Payment of such fees and costs to Class Counsel shall be made without deductions for taxes and withholdings, except as required by law, as determined by the Settlement Administrator as administrator of the QSF making such payments.

l. The Defendant shall have no liability or responsibility whatsoever for taxes of the QSF, any Class Member, Class Counsel, or any other person or the filing of any tax returns, information reports or other documents with the Internal Revenue Service or any other taxing authority with respect thereto. Employees will be solely responsible for all taxes, interest and penalties owed by the Employees with respect to any payment received pursuant to this Agreement. Employees will indemnify, defend, and hold Defendants and the Settlement Administrator harmless from and against any and all taxes and interest as a result of an Employee's failure to timely pay such taxes. Named Plaintiffs, on behalf of the Class, acknowledge and agree that Defendants have provided no advice as to the taxability of the payments received pursuant to this Agreement.

m. For tax purposes:

    i. The Defendants shall be the "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(1) to the QSF with respect to the amounts transferred;

    ii. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Treasury Regulation § 1.468B-2(k)(3), responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable

> information reporting or tax withholding requirements imposed by Treasury Regulation § 1.468B-2(1)(2) or any other applicable law on or with respect to the QSF, and in accordance with Paragraph 11 of this Agreement; and
>
> iii. The Defendants and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Treasury Regulation § 1.468B-1(j).

## 12. General Wage and Hour Release, and Covenant not to Sue

a. By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, each individual Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Accurate Mechanical Inc., its members, owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and /or administrators, and all persons or entities acting by, through, under or in concert with any of them, and individual Defendant Daniel Reilly, his heirs, family members, representatives, assigns and all persons acting by, through, under or in concert with him (collectively, the "Released Parties"), and individual defendant John O'Shea from any and all claims under the Fair Labor Standards Act, and related regulations, the New York Labor Law, and related regulations, and any other federal, state, or local laws, regulations, or common law relating to failure to pay wages, overtime wages, minimum wages, spread of hours payments, expense reimbursements, liquidated damages, interest, penalties, and attorneys' fees and costs related to such claims for the Relevant Statutory Period.

b. Except as provided in this Agreement, Class Counsel and Named Plaintiffs, on behalf of the Participating Class Members and each individual Participating Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she, or they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of the Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final, and complete payment of all attorneys' fees and costs associated with Class Counsel's representation in the Action.

c. Named Plaintiffs and the Participating Class Members represent and covenant that they will not hereafter file any complaints, charges, or claims against Defendants or any of the Released Parties with any court, administrative or governmental agency or entity based on any action by Accurate or any of the

Released Parties that occurred prior to June 16, 2016 . Named Plaintiffs and the Participating Class Members further represent and covenant that they will not join in any such action brought by another individual. Nothing in this provision shall be construed to prevent Plaintiffs from filing a claim with the EEOC or National Labor Relations Board.

13. **Non-Admission**

The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct. Plaintiffs acknowledge that Defendants deny any wrongdoing, and that Defendants have agreed to the terms of this Agreement with the understanding that this settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants, and the Parties agree that neither this Agreement nor anything contained in it shall be offered as evidence or otherwise used in any judicial or administrative proceeding. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

14. **Publicity; Confidentiality**

   a. Class Counsel agrees that it will not issue any press releases, or post any announcements on its website, naming Defendants in relation to this Action.

   b. Named Plaintiffs agree that they will provide notice to Defendants if they are served with any subpoenas for information regarding this Settlement Agreement. Named Plaintiffs further represent that they have not filed any complaints or charges with any government agency concerning the subject of the Action, and that they have no intention at this time to initiate communications with any government agency about the subject of this Action.

15. **Interpretation and Enforcement**

   a. Cooperation Between the Parties; Further Acts. The parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

   b. No Assignment. Class Counsel and the Named Plaintiffs, on behalf of the individual Participating Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action, or any related action.

20

c. Entire Agreement. This Agreement constitutes the entire agreement between the parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties, if any, shall be deemed merged into this Agreement.

d. Binding Effect. This Agreement shall be binding upon the parties and, with respect to the Named Plaintiffs and all Participating Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns.

e. Arm's Length Transaction; Materiality of Terms. The parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the parties in entering into this Agreement, unless otherwise expressly stated.

f. Captions. The captions or headings of the Sections and Paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

g. Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and, therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

h. Severability. In the event that any provision of this Agreement (with the exception of the release provisions) is held by any court of competent jurisdiction to be illegal, invalid, void, voidable, unlawful, or unenforceable, the validity of the remaining provisions shall not be affected; and, the invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision invalid and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

i. Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to conflicts of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

j.  Continuing Jurisdiction. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. In the event that the Court lacks or declines jurisdiction over any such matters, the Parties consent to the sole jurisdiction of the Supreme Court of the State of New York, County of New York.

k.  Waiver. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

l.  Signatures of Named Plaintiffs. This Agreement is valid and binding if signed by Defendants' authorized representative and by the Named Plaintiffs. The signatures of the Named Plaintiffs to this Agreement, as designated and authorized representatives of both the FLSA Opt-Ins and the Participating Class Members, shall act to bind such FLSA Opt-Ins and Participating Class Members to all of the terms and conditions of this Agreement.

m.  Facsimile and Email Signatures. This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

(REST OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGES IMMEDIATELY FOLLOW)

### 16.     Signatures

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**Philip Quow**
Date: Jan. 23, 2018

**Clyde Reaves**
Date: 1/23/18

**Accurate Mechanical Inc.**

**By: Daniel Reilly**
**Title: President**
**Date:**

**Daniel Reilly**
**Date:**

23

16.    **Signatures**

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.


_____          _____
**Philip Quow**                   **Clyde Reaves**
**Date:**_____           **Date:**_____



**Accurate Mechanical Inc.**

_____
**By: Daniel Reilly**
**Title: President**
**Date:** _1/23/18_____


_____
**Daniel Reilly**
**Date:** _1/23/18_____

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Philip Quow and Clyde Reaves, on behalf
of themselves and all other persons
similarly situated,

      Plaintiffs,

          - vs. –

Accurate Mechanical Inc., John O'Shea,
and Daniel Reilly,

      Defendants.

DOCKET NO. 15-CV-9852 (WHP)(KHP)

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

State of New York    )
                ) ss:
County of Westchester)

      Daniel Reilly, personally and as an officer of Defendant Accurate Mechanical Inc.,
being duly sworn, deposes and states as follows:

      1.    I represent that I am an officer and shareholder of Defendant Accurate
Mechanical Inc, and that I have full authority to sign on behalf of Accurate Mechanical
Inc.and to legally bind it. I sign this Affidavit of Confession of Judgment both in my
individual and corporate capacity, and we are referred to herein as Defendants.

      2.    Both Accurate Mechanical Inc. and I have actual principal places of
business located at 941 McLean Avenue, Yonkers, New York.

      3.    This Confession of Judgment is for a debt justly due and owing to
Plaintiffs and/or their attorneys for the settlement of the matter in the United States
District Court, Southern District of New York (Docket No.: 15-CV-9852), entitled *Quow
and Reaves, et al. v. Accurate Mechanical Inc., et al.*

      4.    Defendants jointly and severally hereby confess judgment in favor of
Plaintiffs and/or their attorneys and authorize entry thereof in the amount of _____,
plus reasonable attorneys' fees incurred in entering and enforcing the judgment, and
statutory interest and costs, less any monies paid by Defendants pursuant to the
Settlement Agreement attached hereto as Exhibit A.

      5.    Plaintiffs and/or their attorneys shall have the right to enter judgment
against the undersigned, jointly and severally, if we are in default pursuant to the
Settlement Agreement.

6.     This confession of judgment may be filed in the United States District Court for the Southern District of New York or the courts of the state of New York having jurisdiction over Westchester County, New York.

7.     This Affidavit may be executed using facsimile signatures with the same effect as if the signatures were original. A copy of my signature on this Affidavit shall be acceptable in any action against me or Accurate Mechanical Inc. to enter a judgment based on this Affidavit of Confession of Judgment.


Defendant Accurate Mechanical Inc.
By: Daniel Reilly

Sworn to before me this
23 th day of January , 2017 8


Daniel Reilly, an individual

Sworn to before me this
23 th day of January , 2017 8


LETTY TORRES
Notary Public, State of New York
Reg. No. 01TO6925231
Qualified in Bronx County
Commission Expires November 23, 2020

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you worked for Accurate Mechanical Inc. as a plumber (including steamfitters, sprinkler mechanics, and similar jobs) at any time between December 17, 2009, and June 16, 2016, you could get a payment from a class action settlement.

*Quow et al. v. Accurate Mechanical Inc. et al.,*
*Civil Action No. 15 Civ. 9852 (WHP)(JCF)*

**A federal court authorized this notice.  This is not a solicitation from a lawyer and you are not being sued.**

- A settlement will provide up to $1,375,000.00 to be allocated to Class Members based on their total estimated damages for work performed during the Class Period.

- The settlement resolves a lawsuit over whether Defendants (i) failed to pay their plumbers overtime for all hours worked in excess of forty hours per week; and (ii) failed to provide proper wage notice and wage statements.

- The two sides disagree on whether the Class Members have valid claims and, if so, how much money the Class Members could have been awarded at trial.

- Your legal rights are affected whether you act, or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Submit a claim form** | Remain part of the case and receive a settlement payment. |
| **Exclude Yourself** | Get no payment and retain your right to bring a separate lawsuit against Defendants for the same claims as this lawsuit covers. |
| **Object** | Write to the Court about why you do not agree with the settlement. |
| **Go To A Hearing** | Ask to speak in Court about the fairness of the settlement. |
| **Do Nothing** | Participate in the Settlement, but will not receive payment. |

- Your rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**............................................................................................ Page 3
   1. Why did I get this notice?
   2. What is this lawsuit about?
   3. Why is this a class action?
   4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**.................................................................................. Page 4
   5. How do I know if I am part of the settlement?
   6. Are there exceptions to being included?
   7. I am still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**...................................................... Page 4
   8. What does the settlement provide?
   9. How much will my payment be?

**HOW YOU GET A PAYMENT**..................................................................................... Page 5
   10. How can I get a payment?
   11. When would I get my payment?
   12. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.................................................... Page 6
   13. How do I get out of the settlement?
   14. If I do not exclude myself, can I sue Defendants for the same thing later?
   15. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU**........................................................................ Page 7
   16. Do I have a lawyer in this case?
   17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .......................................................................... Page 7
   18. How do I tell the Court that I do not like the settlement?
   19. What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** .......................................................................... Page 8
   20. When and where will the Court decide whether to approve the settlement?
   21. Do I have to come to the hearing?
   22. May I speak at the hearing?

**IF YOU DO NOTHING** ............................................................................................. Page 8
   22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.............................................................................. Page 9
   23. Are more details available?

# BASIC INFORMATION

## 1. Why did I get this notice?

The records of Accurate Mechanical Inc. show that you currently work, or previously worked, as a plumber or sprinkler mechanic for Accurate Mechanical Inc. This notice was sent to because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after objections and appeals are resolved, Accurate Mechanical Inc. will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge William H. Pauley of the United States District Court for the Southern District of New York is overseeing this class action settlement.  The lawsuit is known as *Quow et al. v. Accurate Mechanical, Inc. et al.*, Civil Action No. 15 Civ. 9852 (WHP)(KHP).

## 2. What is this lawsuit about?

This lawsuit claimed that Accurate Mechanical Inc. failed to pay their employees legally-required overtime premiums for hours worked over forty (40) in a given workweek, and that they failed to provide proper wage notice and wage statements in violation of the Fair Labor Standards Act ("FLSA"), federal law, and New York State Labor Law ("NYLL"). Defendants have denied and continue to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit.

## 3. What is a class action?

In a class action lawsuit, one of more people called "Class Representatives," (in this case Philip Quow and Clyde Reaves) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members."  One Court resolves issues for all Class Members, except for those who exclude themselves from the Class.  Judge William H. Pauley is in charge of this class action.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  The Plaintiffs think they could have won if they went to trial.  The Defendants think the Plaintiffs would not have won anything from a trial.  But there was no trial.  Instead, both sides agreed to a settlement.  That way, both sides avoid the cost and risk of a trial, and the people affected will get compensation.  The Class Representatives and their attorneys think the settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

### 5. How do I know if I am part of the settlement?

The parties and Judge Pauley have decided that everyone who fits this description is a Class Member:

> *All current and former plumbers and sprinkler Mechanics who worked for Accurate Mechanical, Inc. or Accurate Mechanical, Inc. as plumbers at any time from December 17, 2009 through June 16, 2016.*

Accurate Mechanical's records state that you are a Class Member.  If you fit this description, do not opt-out of the settlement, and submit a valid claim form, you will receive a payment.

### 6. Are there exceptions to being included?

You are not a Class Member if you did not work for Accurate Mechanical Inc. as a plumber during the relevant time period. If a Class Member does not receive this Notice, he or she should contact Class Counsel at (212) 563-9884 to verify address and employment information.

### 7. I am still not sure if I am included?

If you are still not sure whether you are included, you can call Samuel & Stein at (212) 563-9884 for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the settlement provide?

Accurate Mechanical Inc. have agreed to provide a gross settlement payment of up to $1,375,000.00, inclusive of attorneys' fees and costs, service awards and administration fees and costs, plus employment and other taxes, to all Class Members who do not opt-out of the settlement, based on their total estimated damages for work during the Class Period.

### 9. How much will my payment be?

Your payment will depend on your total estimated damages for unpaid overtime hours worked during the Class Period, based on defendants' records, as well as statutory

damages for defendants' failure to provide you with accurate wage notices and wage statements.  The Court has approved this formula.

## HOW YOU GET A PAYMENT

### 10. How can I get a payment?

To qualify for payment, you must not opt-out of the settlement and you must submit a valid claim form.  The form you need to fill out is included with this Notice.

### 11. When would I get my payment?

The Court will hold a hearing on [**insert date of fairness hearing**] to decide whether to approve the settlement.  If Judge Pauley approves the settlement after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time.  Please be patient.

Once the appeals, if any, are resolved, the settlement will be paid by Defendant Accurate Mechanical Inc. to the claims administrator in 24 quarterly installments.   The settlement checks will be mailed out or distributed to the Class Members by the claims administrator every six months within ten (10) days of receipt of the funds from Defendants.

Any funds not claimed by employees that remain in the settlement fund after the expiration of the check cashing period will revert to Defendants Accurate Mechanical Inc..

### 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

Specifically, unless you exclude yourself from the settlement, you will fully release Defendants Accurate Mechanical Inc., their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and /or administrators, and all persons acting by, through, under or in concern with any of them, and individual Defendants Daniel Reilly and John O'Shea, their heirs, family members, representatives, assigns and all persons acting by, through, under or in concern with them, from any and all claims asserted (or that could have been asserted) under federal, state or local law that arose any time between December 17, 2009 and June 16, 2016 that relate to or otherwise concern compensation, wages, overtime, or wage statements or notices, including, but not limited to, all such claims under the Fair Labor Standards Act, New

York Labor Law, and any other federal, state or local law or common law or equitable principles directly or indirectly relating to failure to compensate or pay wages, overtime wages, minimum wages, or spread-of-hours pay, failure to provide wage notices or statements, or failure to provide accurate tax reporting forms, liquidated damages, interest, penalties, and attorneys' fees and costs or expenses of any nature related to such claims for periods of time in which you worked for Accurate Mechanical Inc. as a plumber.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants on your own, about the legal issues in this case, then you must take steps to get out.  This is called excluding yourself – and is sometimes referred to as "opting out" of the settlement Class.

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must mail a written, signed statement including your name, address, and telephone number(s) to the Settlement Administrator or to Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001 stating "I opt out of the Accurate Mechanical overtime wages settlement and I understand that I will not receive any money from the Settlement," or words to that effect.  The written opt-out statement must be postmarked no later than **[insert date 60 days from mailing this Notice]**.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Defendants in the future.

### 14. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims this settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from this Class to continue your lawsuit. Remember, the exclusion deadline is **[insert date 60 days from mailing this Notice**].

### 15. If I exclude myself, can I get money from this settlement?

No.  If you exclude yourself, do not send in a claim form to ask for any money.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in this case?**

The Court has decided that the law firm of Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001 (212) 563-9884 is qualified to represent you and all Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How will the lawyers be paid?**

Class counsel will ask the Court to approve payment of one third of the settlement amount – approximately $450,000 – for attorneys' fees, plus reimbursement of expenses.  Class counsel will also ask the Court to approve payment of up to $3,500 to each of the Named Plaintiffs for their service as Class Representatives.  The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than these amounts.  Class Counsel will take their fees from the total settlement prior to your payment being sent to you; you will not have to make any additional payments.

## OBJECTING TO THE SETTLEMENT

You can tell the Court you do not agree with the settlement or some part of it.

**18. How do I tell the Court that I do not like the settlement?**

If you are a Class Member, you can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a written statement including your name, address, and telephone number(s) to Class Counsel, Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001, or the Settlement Administrator, including all reasons for the objection.  The written objection statement must be postmarked no later than [**insert date 60 days from mailing this Notice**].  Any reasons not included in the statement will not be considered by the Court.

**19. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlement.  You can object if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

### 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at **[insert time and date of fairness hearing**], at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them. Judge Pauley will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

### 21. Do I have to come to the hearing?

No.  Class Counsel will answer questions that Judge Pauley may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing, although you cannot speak at the hearing if you excluded yourself.  In order to speak at the Fairness Hearing, you must submit a written objection before the deadline, as explained above in Paragraph 18.

# IF YOU DO NOTHING

### 23. What happens if I do nothing at all?

If you do nothing, you will not get money from this settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Accurate Mechanical about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

| 24. Are more details available? |
| --- |

This notice summarizes the proposed settlement to Class Members.  More details are available in the Settlement Agreement.  You can get a copy of the Settlement Agreement by writing to Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001. You can also call Class Counsel at (212) 563-9884 for more information regarding the settlement and whether you are eligible for a payment.

DATE: _____ __, 2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Philip Quow and Clyde Reaves, on behalf of themselves and all other persons similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　　　- vs. –<br><br>Accurate Mechanical Inc., John O'Shea, and Daniel Reilly,<br><br>　　　Defendants. | DOCKET NO. 15-CV-9852 (WHP)(KHP)<br><br>**CLAIM FORM** |

**TO:** All individuals who were employed by Accurate Mechanical Inc. as plumbers, sprinkler Mechanics, or the like from December 17, 2010 through June 16, 2016.

As explained in detail in the Notice of Proposed Settlement (the "Notice"), if you do not opt out of the Class, you will be a member of the lawsuit and will be bound by the result, regardless of whether or not you actually receive any payment.  In order to obtain your monetary distribution, which would be **$_____** under the formula agreed to by the parties, you must timely submit this Claim Verification Form.

# If you do not submit this form, you will not be entitled to receive any money from this settlement.

To submit the Claim Verification Form, you must fill it out, sign it, and mail it to the Settlement Administrator at

　　　　　　　_____
　　　　　　　_____
　　　　　　　_____, ____

A pre-addressed envelope is included for your convenience.

**ACCURATE MECHANICAL OVERTIME WAGES CASE**

**CLAIM VERIFICATION FORM**

(please print neatly)

1.    My name is _____

2.    My present address is _____

      _____

3.    Daytime phone number: _____

4.    Evening phone number: _____

5.    Email:           _____

                      _____
                      [signature, preferably in blue ink]

                      _____
                      Date

Sign and return this form in the pre-addressed envelope to the Settlement Administrator at _____.

**If your address or other contact information changes, please inform [THE SETTLEMENT ADMINISTRATOR] immediately in order to ensure that you receive all of the settlement checks to which you may be entitled.**

# EXHIBIT D

Quow v. Accurate Mechanical
Class Member Recovery

| Name | Total |
|------|------|
| Abdushakur, Ahmad | $ 3,730.00 |
| Acosta, Juan | $ 3,412.31 |
| Almanzar, Jansy | $ 1,256.75 |
| Antonio Nunez, Ramon | $ 1,000.00 |
| Aybar, Manuel | $ 1,488.15 |
| Camarillo, Daniel | $ 16,268.18 |
| Carroll, James | $ 24,420.16 |
| Castaneda-DeJesus, Faustino | $ 6,145.22 |
| Chimbay Chabla, Marco | $ 13,751.97 |
| Collins, Paul | $ 6,265.00 |
| Contreras, Eugenio | $ 5,946.50 |
| Corpus, Kenia | $ 65,164.26 |
| Correa, Jose | $ 3,288.00 |
| Cuffy, Garvin | $ 3,923.38 |
| Deenihan, Paul | $ 1,234.00 |
| DiSabato, Anthony M. | $ 25,375.00 |
| Dymond, Peter | $ 31,582.18 |
| Espinoza, Miguel | $ 1,208.00 |
| Estevez, Carmen | $ 2,578.69 |
| Estrella, Juan | $ 6,356.00 |
| Estrella, Miguel | $ 1,130.00 |
| Fernandez Deoleo, Luis | $ 4,465.31 |
| Flores, Leonardo | $ 17,770.00 |
| Garcia, Galo | $ 1,097.50 |
| Gonzalez, Juan | $ 6,079.74 |
| Griffin, Chiristina | $ 17,628.30 |
| Hall, Jason | $ 2,478.75 |
| Harvey, Emmett | $ 1,975.00 |
| James, Ray | $ 1,000.00 |
| Jankowski, Andrzej | $ 1,629.85 |
| Jaramillo, German | $ 9,772.56 |
| Jiminez, Welfri | $ 3,043.44 |
| Jose Paulino Alejandro | $ 1,109.20 |
| Knights, Jefferey | $ 5,403.75 |
| Kwon, Tae | $ 8,800.00 |
| Leo, Martino | $ 11,335.00 |
| Lituma, Javier | $ 1,975.00 |
| Litz, Vincent | $ 1,000.00 |
| Lombardy, Antonio | $ 1,284.38 |
| Lopez, Salustiano | $ 2,080.63 |
| Lovett, Donagh | $ 1,081.90 |
| Lowther, Ezron | $ 1,975.00 |
| Maldonado Moreno, Jaime | $ 1,975.00 |
| Martinez, Josesito | $ 15,087.28 |
| Matos, Santa | $ 3,603.66 |

Quow v. Accurate Mechanical
Class Member Recovery

| Name | Total |
|------|-------|
| Mayancela, Segundo | $ 43,799.85 |
| Mcgann, Christopher | $ 1,000.00 |
| Meade, Kareem | $ 4,471.00 |
| Meleka, Fred | $ 2,358.01 |
| Minchala, Diego | $ 13,746.17 |
| Minchala, Lewis | $ 34,913.69 |
| Minchala, Manuel | $ 9,567.65 |
| Minchala, Maria | $ 6,552.63 |
| Minchala, Maria R | $ 1,186.88 |
| Molyneaux, Michael | $ 6,265.00 |
| Mostafa Elshafei, Mahmoud | $ 4,182.40 |
| Moya, Pablo | $ 2,475.50 |
| Narbuntowicz, Andrzej | $ 1,000.00 |
| Narbuntowicz, Piotr | $ 54,864.52 |
| Ochoa Fajardo, William | $ 8,719.92 |
| Olivio Belliard, Elvin | $ 8,058.35 |
| Pena, Gomez, Jose | $ 1,351.00 |
| Pietrangolare, Michael | $ 11,335.00 |
| Quezada, Jose | $ 1,495.63 |
| Quill, Carrie | $ 3,730.00 |
| Quinn, Joseph | $ 2,576.25 |
| Quow, Philip | $ 3,968.88 |
| Ramoz, Ernesto V | $ 11,335.00 |
| Reaves, Clyde | $ 3,647.31 |
| Restrepo, Alan | $ 12,183.01 |
| Reyes, Felipe | $ 7,316.38 |
| Reynoso Rodriguez, Manuel | $ 6,054.61 |
| Riofrio, Victor | $ 1,996.95 |
| Rodriguez, Franklin | $ 7,907.94 |
| Rosales Trujillo, Oscar | $ 42,035.57 |
| Sawh, Parasram | $ 4,235.05 |
| Smith, Cleveland | $ 15,191.52 |
| Sonny, David | $ 12,582.19 |
| Stapleton, Denniston | $ 2,400.75 |
| Stapleton, Otheniel | $ 1,000.00 |
| Stovall, Otis | $ 1,000.00 |
| Tatia, Edison | $ 1,975.00 |
| Tecun, Oscar | $ 21,297.03 |
| Tsanimt, Franklin | $ 1,494.07 |
| Urrutia, Roman | $ 21,475.00 |
| Vivas, Alfredo | $ 33,302.50 |
| Vlasenko, Olegs | $ 16,405.00 |
| Wedderburn, Ruel | $ 7,203.60 |
| Yagual-Vera, Pablo | $ 16,405.00 |
| Yonelly Morel, Jose | $ 6,283.04 |

Quow v. Accurate Mechanical
Class Member Recovery

| Name | Total |
|------|-------|
| Zurita, Segundo | $ 49,430.71 |
| | |
| TOTAL | $ 880,950.50 |