UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PHILIP QUOW, et al.,

Plaintiffs,

-against-

ACCURATE MECHANICAL INC. and DANIEL REILLY,

Defendants.

-------------------------------------------------------------------X

**OPINION AND ORDER**

**1:15-CV-09852 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The above-captioned matter came before the Court on Plaintiffs' Motion for Final

Approval of Class and Collective Action Settlement ("Motion for Final Approval"). All parties

have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). For the

reasons that follow, Plaintiffs' motion for final approval is **GRANTED**, but the requested

attorneys' fees are reduced as set forth below.

### BACKGROUND AND PROCEDURAL HISTORY

The parties' proposed settlement resolves all claims in the action entitled *Quow, et al. v.

Accurate Mechanical Inc., et al.*, No. 15-cv-9852 (KHP). Plaintiffs in this action allege that

Defendants,[1] *inter alia*, failed to pay them overtime, in violation of the Fair Labor Standards Act,

29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). On December 17, 2015,

named Plaintiffs Philip Quow and Clyde Reaves (the "Named Plaintiffs") commenced this action

as a putative class action under Fed. R. Civ. P. 23 and as a putative collective action under the

---

[1] "All claims against defendant John O'Shea have been dismissed with prejudice, as defendants provided proof that he had not been involved with the business for many years before the Class Period began." (Doc. No. 100, Plaintiffs' Memorandum of Law ("Pl. Br."), at 1.)

FLSA.  Defendants deny liability and dispute the hours of overtime claimed by Plaintiffs.  The

Named Plaintiffs are former plumbers employed by Defendants who alleged that they and all

other similarly situated employees were not paid overtime at time-and-a-half, but instead were

paid at straight time.  Defendants filed an Answer on April 22, 2016, disputing the material

allegations and denying any liability in the proposed class and collective actions.  The parties

engaged in extensive settlement negotiations, ultimately reaching a proposed class and

collective settlement.

On February 12, 2018, the Court preliminarily approved the parties' proposed class and

collective settlement and authorized the issuance of Notice to Class Members.  The Court also

approved the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing

("Notice") and claim form (together with the Notice, the "Notice Packet") and authorized the

mailing of the Notice Packet to the Class Members.  The Claims Administrator, American Legal

Claims Services, LLC ("ALCS"), was provided with a list of Class Members which included, to the

extent maintained by Defendants, the Class Members' names, social security numbers, and last

known addresses.  ALCS determined that there were 91 unique Settlement Class Members on

the class list.  It mailed the Notice Packet in English and Spanish to the Class Members.  ALCS

was able to find addresses for 86 of the 91 class members.  Seven of the 86 packages mailed

out were returned by the Postal Service; ALCS was able to identify new addresses for 5 of those

7, and re-mailed the Notice Packet to those addresses.  Ultimately, there were only 2 Notice

Packets returned to ALCS as undeliverable for which ALCS was unable to identify new

addresses.  The Settlement Administrator received a total of 42 unique claim forms before the

June 18, 2018, claim form deadline.  There were no class members who objected to the

Settlement and none who submitted an exclusion request.

**DISCUSSION**

*I.*       *The Settlement*

The Settlement Agreement provides for a total settlement amount of up to $1,375,000.

The Agreement contains the term "Total Settlement Amount," which the Court interprets to

mean $1,375,000.  Class Member payments are to be paid from the "Net Settlement Fund,"

which equals $1,375,000 less amounts approved by the Court for any Service Awards to the

Named Plaintiffs, attorneys' fees and costs awarded by the Court, and half of the Settlement

Administrator's approved fees and costs.  The Settlement Administrator will distribute

settlement payments to Class Members who submitted claim forms ("Active Class Members")

pursuant to a formula set forth in Section 11(f) of the Settlement Agreement.  If the formula

would result in an aggregate amount that exceeds the Net Settlement Fund, the Net Settlement

Fund will be divided pro rata among the Active Class Members based on a formula reflective of

each Active Class Member's actual alleged damages, liquidated damages, and statutory

damages.  Under the formula, Active Class Members recover a payment reflecting 100% of their

claimed overtime, an additional 30% of that amount in liquidated damages, and an additional

sum of $1,000 for Wage Theft Prevention Act damages, subject to the pro rata reduction

described above.  The settlement payments range from $1,000 to $65,164.26.  Based on the

claim forms submitted, the payments to Active Class Members under the specified formula

equals $467,364.41.

Plaintiffs seek (1) service awards in the amount of $3,500 for the two Named Plaintiffs; (2) a payment in the amount of $32,317 to American Legal Claims Services, LLC, the settlement administrator; (3) $1,170.34 in costs; and (4) $457,943.22 in attorneys' fees. The Court addresses these requests below.

## II. *Notice And Participation*

Pursuant to the Preliminary Approval Order, Notice was sent by first-class mail to each identified Class Member at his or her last known address (with re-mailing of returned Notices). Notice of the settlement was mailed on April 19, 2018. The Court finds that the mailed Notice fairly and adequately advised Class Members of the terms of the settlement, as well as the right of Class Members to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted June 28, 2018. Class Members were provided the best notice practicable under the circumstances. The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

Class members had 60 days to opt out of the class or object and send in claim forms. There were no objections filed and no opt-outs. Forty-six percent of the class elected to submit claim forms, a very high participation rate. *See,* e.g., *Flores v. One Hanover, LLC*, No. 13-cv-5184 (AJP), 2014 WL 2567912, at *4 (S.D.N.Y. June 9, 2014) (stating, "This favorable response demonstrates that the class approves of the settlement and supports final approval," where "31 percent of FLSA settlement class opted-in to the settlement.") (internal citation and quotation marks omitted); *Chavarria v. New York Airport Serv., LLC*, 875 F. Supp. 2d 164, 173 (E.D.N.Y. 2012); *see also* 2 McLaughlin on Class Actions § 6:24 (14th ed.) ("Claims-made settlements typically have a participation rate in the 10-15 percent range.") (citing cases).

4

### III. *Final Approval Of Class Settlement*

Having considered the Motion for Final Approval, the supporting declarations, the arguments presented at the fairness hearing, and the complete record in this matter, for good cause shown, the Court (i) certifies the Class Action for the purposes of this settlement; and (ii) grants final approval of the settlement memorialized in the Settlement Agreement, attached to the Declaration of David Stein as Exhibit B, as construed and modified by this Order of Final Approval.

### A. *Certification Of Class Action For Settlement Purposes*

For purposes of settlement, the Court finds that the Class, as defined in the Settlement Agreement, is suitable for certification, in that it satisfies all applicable requirements of Fed. R. Civ. P. 23(a) and (b). The Class consists of all current and former employees who worked for Accurate Mechanical Inc. as plumbers, sprinkler mechanics, and similar professions at any time from December 17, 2009 through June 16, 2016. With 91 members in the Class, the Court finds that the Class Members are so numerous that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). For purposes of settlement, the Court finds that there are questions of law or fact common to the Class Members – specifically, whether Defendants failed to pay employees time-and-a-half for their overtime hours worked. *See* Fed. R. Civ. P. 23(a)(2). For purposes of settlement, the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Class Members, as the Named Plaintiffs and the Class Members were all subject to Defendants' overtime policies. *See* Fed. R. Civ. P. 23(a)(3). The Court finds that the Named Plaintiffs do not have any interests that are different from or adverse to the Class Members, and therefore will fairly and adequately protect (and have fairly and adequately protected) the

interests of the Class Members. *See* Fed. R. Civ. P. 23(a)(4). For purposes of settlement, the

Court also finds that questions of law or fact common to Class Members predominate over any

questions affecting only individual members and that a class action is superior to other

available methods for fairly and efficiently adjudicating the controversy. *See* Fed. R. Civ. P.

23(b)(3).

      **B.**       ***Fairness, Reasonableness, And Adequacy Of Settlement***

Under Fed. R. Civ. P. 23(e), to grant final approval of a settlement, the Court must

determine whether the proposed settlement is "fair, reasonable and adequate." Fed. R. Civ. P.

23(e). This requires consideration of both procedural and substantive fairness. The Court finds

that the Settlement Agreement satisfies the requirement of procedural fairness, as it was the

product of arms'-length negotiations between experienced, capable counsel after meaningful

exchange of information and discovery, conducted with the aid of this Court. *See Wal-Mart*

*Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

With regard to substantive fairness, courts in the Second Circuit generally consider the

nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). The

*Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the

reaction of the class to the settlement; (3) the stage of the proceedings and the amount of

discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages;

(6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to

withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of

the best possible recovery; and (9) the range of reasonableness of the settlement fund to a

possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

The Court finds that litigation through trial would be complex, expensive, and long.

Therefore, the first *Grinnell* factor weighs in favor of final approval.  The response to the

settlement has been positive.  Class Counsel did not receive any objections or requests for

exclusion from the Settlement.  This is a major indication of fairness.  Thus, this factor weighs

strongly in favor of approval.  The parties have completed enough discovery to recommend

settlement.  The proper question is "whether counsel had an adequate appreciation of the

merits of the case before negotiating."  *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537

(3rd Cir. 2004).  The parties' discovery here meets this standard.  Class Counsel interviewed

dozens of current and former employees of Defendants to gather information relevant to the

claims in the litigation; obtained, reviewed, and analyzed thousands of pages of documents

relating to the employment claims of Plaintiffs; and analyzed data from Plaintiffs and

Defendants.

The risk of establishing liability and damages further weighs in favor of final approval.  A

trial on the merits would involve risks because Plaintiffs would have to defeat Defendants'

arguments that, *inter alia*, Plaintiffs' claims were individualized and not suitable for class

treatment; moreover, many of Defendants' records were missing, making it difficult to establish

liability or damages for absent class members.  Finally, the substantial amount of the

settlement weighs strongly in favor of final approval.  Class Members who submitted claim

forms, no matter how little they worked for Defendants, are guaranteed at least $1,000.

The *Grinnell* factors weigh in favor of the settlement here, and the settlement is entitled to final

approval.

### IV. Approval Of FLSA Settlement

The Court hereby certifies this case as a collective action for settlement purposes. The collective consists of all current and former plumbers, steamfitters, sprinkler mechanics, and the like, employed by Accurate Mechanical Inc. at any time from May 17, 2013 through June 16, 2016.

Having considered the standards for approval of a collective settlement, the Court hereby approves the FLSA settlement. Because "[t]he standard for approval of an FLSA settlement is lower than for a Rule 23 settlement," *Massiah v. MetroPlus Health Plan, Inc.*, No. 11-cv-05669 (BMC), 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012), satisfaction of the *Grinnell* factor analysis will necessarily satisfy the standards of approval for the FLSA settlement. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Id.* "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353–54 (11th Cir. 1982)). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* The Court finds that there was a *bona fide* factual dispute in this case as to whether Class Members were properly paid overtime. The Court therefore finds that the FLSA settlement was the result of contested litigation and arms'-length negotiation, and that the settlement terms are fair and appropriate.

### V. Service Awards

Service payments "are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks

incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff." *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06-cv-4270 (PAC), 2009 WL 5851465, at *6 (S.D.N.Y. Mar. 31, 2009). Recognition payments are "particularly appropriate in the employment context." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005). When, as here, the plaintiffs are "former or current employee[s] of the defendant . . . by lending [their] name to the litigation, [they have], for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers." *Id.*; see also *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded."). Further, "the fact that a plaintiff has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating the person." *Guippone v. BH S & B Holdings*, *LLC*, No. 09-cv-01029 (CM), 2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011).

Here, there have been no objections to the proposed service awards. Additionally, Named Plaintiffs have diligently represented the interests of the class and participated actively in settlement negotiations. This Court therefore approves the proposed service awards of $3,500 to each of the Named Plaintiffs. This amount shall be deducted from the Total Settlement Amount.

## VI. Settlement Administrator Award

The Settlement Agreement provides for up to $22,500 in service fees to come from the Total Settlement Amount. Here, the fees sought are $32,317, half of which is to be deducted

from the Total Settlement Amount.  The Court finds this amount to be reasonable and within

the range charged by settlement administrators in similar cases and therefore approves these

fees and costs and orders that $16,158.50 be deducted from the Total Settlement Amount.

## VII.   Costs

Plaintiffs' counsel seeks $1,170.34 in costs.  Counsel are entitled to recover reasonable

out-of-pocket expenses incurred in connection with this action.  *See, e.g.*, *Fujiwara v. Sushi*

*Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  Here, Class Counsel's out-of-pocket

expenses include filing fees, translation fees, postage, and travel costs, all of which were

necessary to prosecute this case.  In light of the necessity of these expenditures and the

reasonableness of the amounts sought, this Court approves these costs and orders that

$1,170.34 be deducted from the Total Settlement Amount.

## VIII.   Attorneys' Fees

Finally, Plaintiffs' counsel seeks $457,943.22 in attorneys' fees, which is one third of the

Total Settlement Amount and more than six times the lodestar amount.  This is unreasonable.

*See Fujiwara*, 58 F. Supp. 3d at 435 (finding that "a multiplier near 2 should, in most cases, be

sufficient compensation for the risk associated with contingent fees in FLSA cases").  The

Settlement Agreement caps fees at one third of amounts claimed by Class Members, in this

case $467,364.41.  (*See* Doc. No. 101-2, Proposed Settlement Agreement, at § 7(d).)  Other

provisions also make clear that the Settlement Amount is not a fixed number but rather is

based on claims made.  (*See id.* at §§ 1(dd), 7(a).)  One third of the amounts claimed by class

members is $155,788.14.  This amount also is 2.2 times the lodestar amount, a multiplier

consistent with that found to be reasonable in *Sushi Yasuda* and in other cases in this Circuit.

10

Although a court generally may calculate reasonable attorneys' fees either by determining the lodestar amount or by awarding a percentage of the settlement amount, this Court's hybrid approach here is justified by the well-established principle that the lodestar calculation should serve as a "cross check" on the reasonableness of a requested percentage. *See Fujiwara*, 58 F. Supp. 3d at 435 (citing *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 50 (2d Cir. 2000)). This attorneys' fee award shall be deducted from the Total Settlement Amount.

## CONCLUSION

For the foregoing reasons, this Court certifies the Class and collective for purposes of settlement and approves the terms and conditions of the Settlement Agreement as construed and modified herein. The Net Settlement Fund for payment to Active Class Members is $1,194,883.02. Plaintiffs' requests for (1) service awards in the amount of $3,500 for the two Named Plaintiffs; (2) a payment in the amount of $32,317 to American Legal Claims Services, LLC, the settlement administrator; and (3) $1,170.34 in costs are granted. Class Counsel fees in the amount of $155,788.14 are approved. The $467,364.41 in settlement awards claimed by Active Class Members shall be paid in full and shall not be reduced by the service awards, payments to the claims administrator, or attorneys' fees and costs approved by the Court. Thus, the Settlement Amount approved by this Court is $647,481.39.

The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement. The entire case is dismissed on the merits and with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in this Order of Final Approval. This Final Order and Judgment shall bind, and have *res judicata* effect with respect to all FLSA Collective Action Members, and all Rule 23 Class Members who have

not opted out of the applicable class.  The Court approves and incorporates herein by reference the releases and waivers set forth in the Settlement Agreement, which shall be binding upon the Class Members as set forth in such agreement.

Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state law or rules, (b) that any party has prevailed in this case, or (c) that Defendants or others have engaged in any wrongdoing.  Without affecting the finality of this Order, the Court will retain jurisdiction over the case following the entry of the Judgment and Dismissal until all installments have been paid by Defendants as provided for in the Settlement Agreement.  The parties shall abide by all terms of the Settlement Agreement and this Order.  This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated: July 10, 2018
        New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge